**BOWLES v. LAKE LUCERNE PLAZA, Inc.**

**No. 11193.**

Circuit Court of Appeals, Fifth Circuit.

April 14, 1945.

Rehearing Denied May 17, 1945.

Fleming James, Jr., Director, Litigation Division, Office of Price Administration, David Loudon, Chief, Appellate Branch, O. P. A., and Abraham Glasser, Sp. Appellate Atty., all of Washington, D. C.; Frank Thompson, District Enforcement Atty., O. P. A., and C. H. Lichliter, Enforcement Atty., O.P.A., both of Jacksonville, Fla., and John D. Mosby, Regional Litigation Atty., O.P.A., of Atlanta, Ga., for appellant.

Claude L. Gray, of Orlando, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The Price Administrator brought this suit to restrain the defendant, appellee here, from violating the Emergency Price Control Act of 1942.[1] From a final judgment dismissing his suit, he prosecutes this appeal.

Appellant correctly states the facts as follows:

"The defendant (appellee here), a Florida corporation, is the owner of thirteen newly constructed housing accommodations, within the Orlando Defense Rental Area, which were first rented after October 1, 1941. The first rents charged for such housing accommodations are set forth in Column A in the Table copied in the margin.[2] On June 29, 1943, the Rent Director of the Orlando Defense Rental Area, after notice to the defendant, by thirteen separate orders, reduced the rents to the amounts set forth in Column B of the aforesaid table. The defendant appealed to the Regional Administrator who affirmed the Rent Director's orders. Thereafter the defendant filed a protest with the Price Administrator. While the protest was pending, an agreement was reached between the Rent Director and Regional Administrator on the one hand and the defendant on the other, that the rents should be fixed at the amounts set forth in Column C of the table above mentioned. The defendant thereupon withdrew its protest on the condition that the rents agreed upon should be made retroactive to the date of the Rent Director's original orders of June 29, 1943. The Price Administrator advised the defendant that the new rents could not be made retroactive; that the decision on defendant's protest would be expedited in the event it no longer desired to withdraw it; and that the defendant might have until February 16, 1944, within which to submit evidence in support of its protest. On February 29, 1944, the Price Administrator entered an order granting defendant's protest in part and establishing the rents at the amounts shown in Column C of the above mentioned table. The order recited 'insofar as further relief is requested, the protest should be denied' and that it was 'issued and effective this 29th day of February 1944.'

"Thereafter the defendant commenced actions against several of its tenants to recover the difference between the rents they had paid prior to the order granting the protest and the rents established by that order. Thereupon the Price Administrator commenced this action to restrain the defendant from doing so. Cf. Secs. 4(a) and 205(a) of the Act, 50 U.S.C.A.Appendix, §§ 904(a), 925(a). The defendant filed an answer and a motion to dismiss. The cause was submitted on the pleadings and a stipulation."

Hence the legal question upon which decision turned in the court below was whether the maximum rentals chargeable for the property during the period from June 29, 1943, to February 29, 1944, was that fixed in Column A, in Column B, or in Column C. If, as the Administrator contended, the rentals fixed by the order of June 29 and set forth in Column B were controlling, the suits by appellee against its tenants to exact

---

[1] 56 Stat. 23, 50 U.S.C.A.Appendix, § 901 et seq.

[2]

| | First Rents | Rents as fixed by Area Rent Director's Order June 29, 1943 | Rent as fixed by Administrator Feb. 29, 1944 |
|---|---|---|---|
| | Column A | Column B | Column C |
| Apt. 2A | 150.00 | 72.50 | 110.00 |
| Apt. 2B | 250.00 | 80.00 | 110.00 |
| Apt. 3B | 110.00 | 72.50 | 110.00 |
| Apt. 5A | 85.00 | 62.50 | 85.00 |
| Apt. 5B | 110.00 | 75.00 | 100.00 |
| House 6 | 150.00 | 80.00 | 75.00 |
| Apt. 7A | 175.00 | 65.00 | 90.00 |
| Apt. 7B | 227.00 | 75.00 | 100.00 |
| Apt. 8A | 85.00 | 75.00 | 85.00 |
| Apt. 8B | 85.00 | 65.00 | 80.00 |
| Apt. 9A | 125.00 | 82.50 | 115.00 |
| Apt. 9B | 128.00 | 45.00 | 70.00 |
| Apt. 9C | 75.00 | 45.00 | 65.00 |

additional rentals were violative of the Emergency Price Control Act. Appellee's position was that either the order of February 29 was retroactive in effect and fixed the rentals at the sums set forth in Column C, or that the said order superseded and nullified the prior order of June 29 so that no order was in existence during the period to change the maximum rentals chargeable from those originally charged as shown in Column A; and that in either event it had collected less rentals during the period than the maximum prescribed, which deficiencies it could recover by suit without violating any provision of the Act.

The court below dismissed the suit because it concluded:

"I. * * * that each step taken for the review of an order entered by an Area Rent Director is in effect a review of the legality of the order of said Director and is controlled by the same general legal principles that apply in cases appealed from lower to higher courts. This court, therefore, holds that the order of the Office of Price Administration dated February 29, 1944, became the only lawful order changing the rentals theretofore lawfully established by the defendant and that said order reverted to June 29, 1943, the date of the entry of the illegal order of the Area Rent Director for the Orlando Defense Area, which it superseded.

"II. The rents established by the Office of Price Administration entered February 29, 1944, on the several units of the housing accommodations involved in this case became the lawful rentals from and after June 29, 1943, for the use and occupancy of said accommodations."

The Price Administrator, under the provisions of the Emergency Price Control Act, is authorized to establish defense rental areas and to prescribe the maximum rents for housing accommodations within such areas, Sec. 2(b), 50 U.S.C.A.Appendix § 902(b).[3] Any person subject to any regulation or order establishing maximum rents may file a protest with the Administrator, setting forth his objections thereto, Sec. 203, 50 U.S.C.A.Appendix § 923. Should his protest be denied in whole or in part, the protestant may file a suit in the Emergency Court of Appeals, Sec. 204(c), 50 U.S.C.A. Appendix § 924(c), to modify or set aside the order or regulation; and under Section 204(b) judicial relief may be granted if the order or regulation is arbitrary or capricious or not in accordance with the law. Judicial relief, however, is vested solely in the Emergency Court of Appeals and the Supreme Court upon review of Judgments of that court; no other court has power or jurisdiction to enjoin, set aside, or consider the validity of any such order or regulation, Sec. 204(d).

Since no proceedings of any character have been instituted in the Emergency Court of Appeals in this matter, and since the court below had no authority to set aside or question the validity of the order of June 29, it is clear that said order was subsisting and enforceable during the period in controversy unless the order of February 29 was retroactive in effect. Both the correspondence preceding the order and the order itself demonstrate that it was intended to operate only in the future. Further, the regulations prescribing the administrative procedure that was here followed specify that orders entered by the Administrator pursuant to protests filed, as was the order of February 29, are effective from the date of issuance unless otherwise specified.[4]

The general legal principles applying in cases of appeal from lower to

---

[3] The Act further provides that the Administrator may utilize and establish regional, local, and other agencies as may from time to time be needed, Sec. 201(a), 50 U.S.C.A.Appendix § 921(a); that he or his duly authorized representative may exercise any and all of his powers in any place, Sec. 201(b); and that he may issue such regulations and orders as he may deem necessary and proper to carry out the purpose and provisions of the Act, Sec. 201(d).

[4] Under the administrative procedural regulations, any landlord denied relief in whole or in part by the Rent Director, may, within a fixed delay, deliver to him to be forwarded to the Regional Administrator for the region in which the Defense Rental Area Office is located, an application for review. If the Regional Administrator deny the relief, such denial is final, subject only to protest to be made to the Administrator. An order entered by the Administrator upon the protest granting or denying relief in whole or in part is effective from the date of its issuance unless otherwise provided in the order. If aggrieved by the Administrator's order, then judicial relief may be had by petition to the Emergency Court of Appeals.

higher courts, do not apply to the various steps taken for review of an order entered by a Rent Director. Orders by administrative bodies are not comparable to court orders but are legislative in character and comparable to legislative acts. See Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892. The order of the Price Administrator being legislative and not judicial in character is presumed to operate prospectively only. Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977. Under the Act, therefore, the Rent Director's order of June 29 remained the applicable, valid rent order until it was superseded by the Administrator's order dated February 29, 1944.

■■ Appellee, however, contends that the court below had discretion to deny the relief prayed for, and cites cases from this court and other circuit courts, and one from the Supreme Court, holding that a proceeding for injunctive relief is an equitable one and that the court of original jurisdiction has discretion to grant or to refuse to grant such relief, dependent upon the facts before it. This principle lends no comfort to appellee, for it is not applicable to any issue presented by this appeal. The court below did not exercise its discretion in this case, because its holding that the Administrator was entitled to no relief at all necessarily precluded any decision calling for the exercise of discretion as to whether injunctive relief was the appropriate remedy. Since we now hold, however, that the actions sought to be enjoined are violative of the Emergency Price Control Act, the question whether injunctive relief should be granted becomes, for the first time in this cause, pertinent; and as that question is one addressed to the sound discretion of the trial court, we express no opinion in regard thereto on this appeal.

■■ We are not unmindful of the fact that if the maximum rents fixed by the Administrator on February 29, 1944, were proper when fixed, then they should have been proper before; and it may well be that the action of the Administrator, in establishing the rates as fixed by him on June 29, 1943, was both capricious and arbitrary. But neither this court nor the court below has jurisdiction to consider the validity, the inconsistency, or the arbitrariness of administrative orders. Appellee's remedy was in the Emergency Court. Neither this court nor the court below can set aside or modify the orders of the Rent Director or the orders of the Administrator. We can only construe and enforce them.

The judgment appealed from is reversed, and the case is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

WALLER, Circuit Judge (specially concurring).

I concur in the opinion that the jurisdiction to determine whether or not the landowner should be entitled to collect the proper rent retroactively is vested in the Emergency Court of Appeals, but it appears without dispute that the rental fixed by the local Rent Director was erroneous, made without a visit to the premises, and, therefore, arbitrary. The subsequent fixing of an equitable rent by the Deputy Administrator confirms this. Appellant seeks the aid of this Court to perpetuate that error and to preserve that arbitrariness.

I think the Court in this opinion should say that the offices of a court of equity should not be so utilized.

PER CURIAM.

IT IS ORDERED that the petition for rehearing in the above numbered and entitled cause be, and it is hereby denied.

WALLER, Circuit Judge, dissenting. I vote to grant a rehearing in this case. I am unable to bring myself to believe that a court of equity should lend its processes to the perpetuation of an admitted wrong. It seems to me that this Court has treated this case as if the landlord were seeking relief in this Court instead of the O. P. A. The O. P. A. should not be entitled to an injunction from this Court to prevent the landlord from attempting to extricate itself from an illegal and unjust web of the O. P. A.'s own weaving.