## HILDEBRAND v. NEE.

### No. 514.

Municipal Court of Appeals for the

District of Columbia.

Decided July 25, 1947.

Francis W. Taylor, of Washington, D. C. (John Conroy, of Washington, D. C., on the brief), for appellant.

John R. Daily, of Washington, D. C., (H. M. Welch and J. H. Welch, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and CLAGETT, Associate Judge.

CAYTON, Chief Judge.

This is an appeal by a tenant from a judgment entered against him in the land-lord-tenant branch of the trial court, for possession of rooming house property.

The dispute involved the amount of monthly rent properly chargeable to the tenant. The landlord claimed it was $100 and the tenant insisted it was $80. To support her contention the landlord offered, and there was received in evidence, an order of the District of Columbia Rent Administrator fixing the maximum rent ceiling at $100 per month, effective July 16, 1946. Defendant, to support his contention, offered in evidence a three-year lease running from December 1, 1942 to December 1, 1945, which provided for an $80 monthly rental and which gave the lessee an option to extend the lease upon the same terms for a further period of two years. Defendant also offered in evidence copy of a letter exercising the renewal option, by which the expiration date of the lease was extended to December 1, 1947. Defendant also offered in evidence a letter from plaintiff's agent written to the Rent Examiner while he had under consideration plaintiff's petition to increase the rent ceiling. In this letter plaintiff's agent expressly recognized that the Rent Administrator had no authority to set aside any existing lease. Plaintiff's agent in this letter also took the position that the proceeding before the Rent Administrator was solely to establish a fair rental ceiling without regard to any lease and that whether or not the option to extend the lease had ever been exercised was a question for the courts to decide. The trial judge refused to admit any of these papers on the ground that they would constitute a collateral attack on the order of the Rent Administrator. Defendant assigns these rulings as error.

Plaintiff now reverses the position taken by her agent in his letter to the Rent Examiner, to which we have referred, and urges that the question of the binding effect of the lease and its extension was necessarily before the Rent Administrator and that the fixing of an increased rent ceiling by the Rent Administrator was necessarily predicated upon a finding of the invalidity or expiration of the lease. Plaintiff urges further that since no appeal was taken from Rent Administrator's determination

in the manner fixed by law, the trial court could not in this case consider the question of the validity of the lease because to do so would constitute a collateral attack upon the order of the Rent Administrator. This position was upheld by the trial court in excluding all offered testimony relative to the lease and its extension and in holding that the rent ceiling fixed by the Administrator was effective.

 We think plaintiff's contentions as to the inadmissibility of the lease and its extension and the letter to the Rent Administrator from plaintiff's agent were plainly wrong. It seems obvious from the record that the Rent Administrator followed the interpretation of the Rent Act urged upon him by plaintiff's own agent to the effect that the Administrator was being asked merely to fix a maximum ceiling for the property, and that the Rent Administrator had no power to set aside a valid and subsisting lease between the parties providing for a lower rental than the rent ceiling which plaintiff was seeking.

This principal is implicit in the Emergency Rent Act.[1] Section 45—1605(a) of that Act provides that it shall be unlawful "regardless of any agreement, lease, or other obligation heretofore or hereafter entered into, for any person to demand or receive any rent *in excess* of the maximum rent ceiling * * *." (Emphasis supplied.) The Act does not, however, authorize the Rent Administrator to set aside any valid lease where the effect of his order would be to increase during the term of a lease the rental fixed therein. Landlords and tenants were left free to bargain at will so long as they did not exceed maximum rent ceilings established in accordance with the Act. The only possible effect, therefore, of the maximum rent ceiling fixed by the Rent Administrator in this case would be to permit the landlord to charge such increased ceiling to some future tenant or to this tenant after his lease expired, or was voluntarily and mutually abrogated by the parties. For if the lease was in effect it constituted a formal demise and conveyance of an estate in the property, as all leases in this jurisdiction must when for more than one year. Code 1940, 45—106. That demise fixed an absolute rental which, as we have said, was not subject to increase by Rent Administrator.

It results that the trial court should have admitted the tendered evidence and determined first whether the alleged original lease was a valid one between the parties and second whether the option to extend the lease had been validly exercised.

Reversed, with instructions to award a new trial.