7 N.J. Super. 288 (1950)
73 A.2d 65
ROSE LUTZ, PLAINTIFF-APPELLANT,
v.
LOUIS GOLDBERG, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1950.
Decided April 26, 1950.
*290 Before Judges JACOBS, DONGES and BIGELOW.
Mr. H. David Zerman argued the cause for plaintiff-appellant.
Mr. Victor Ruskin argued the cause for defendant-respondent.
The opinion of the court was delivered by DONGES, J.A.D.
This is an action for a balance of rent of $9.25 due each month for the four months February, March, April and May of 1949.
Prior to January 31, 1949, plaintiff was receiving from defendant $86.75 for the apartment which plaintiff owned and of which defendant was tenant.
On January 31, 1949, the Area Rent Director by his order effective the same day reduced the maximum rent to $77.50. The plaintiff appealed from this order to the Housing Expediter in Washington, and the Housing Expediter reinstated the prior monthly rent of $86.75, and made his order effective as of January 31, 1949, the date of the local director's order.
*291 While the decision was on appeal, the defendant paid the reduced monthly rent of $77.50 for the four months in question, by delivering his check each month to an elevator operator in the building. The checks were then turned over to plaintiff's agent. The checks bore no notation and were payable to the order of plaintiff's agent who before depositing the checks placed the following notation on the back:
"Rent on account, balance of $9.25 due."
Thereafter on April 19, 1949, plaintiff's agent served notice that the rent of $86.75 was restored and demanded payment of the balance for the four months. Defendant testified he had no recollection of receiving this.
Judgment was entered for defendant by the court below.
Plaintiff contends that the order of the Housing Expediter had the same effect as a reversal by a court. It is to be noted that the general legal principles applying in cases of appeal from lower to higher courts do not apply to the various steps taken for review of an order entered by a Rent Director. Bowles v. Lake Lucerne Plaza, Inc., 148 F.2d 967 (C.C.A. Fifth Circuit 1945). Certiorari denied, 326 U.S. 726, 66 S.Ct. 31, 90 L.Ed. 430 (S.Ct. of U.S. 1945). An order of the Rent Director fixing rent is presumed to operate prospectively only unless otherwise specified. Bowles v. Lake Lucerne Plaza, Inc., supra. However, in the instant case, the order of the Housing Expediter expressly stated that it was to operate retroactively to the date of the issuance of the local director's order. This order, by its retroactive force, in effect vitiated the local director's order. The only valid maximum rent ceiling was, therefore, $86.75.
The defendant, however, contends that a new agreement was effected between him and plaintiff by plaintiff's acceptance of the lower rent.
It is, of course, true that the function of the Housing Expediter is to set a maximum rent. The landlord is prevented from charging any higher rent than that set by Expediter. The Housing and Rent Act of 1947, as amended, 50 U.S.C.A. App., § 1894 (b) (1).
*292 The Act, however, does not create an agreement between the parties. Landlords and tenants were left free to bargain at will, so long as they did not exceed the rent ceilings established in accordance with the Act.
Hildebrand v. Nee, 54 A.2d 640 (D.C. Mun. App. 1947).
It can not be denied that prior to the four months in question, there existed a valid agreement for a rental of $86.75 per month. When the order of the local director was entered, the plaintiff could not accept more than $77.50, for fear that if the order were affirmed he would be subject to the penalties provided in the Act.
There remains to be considered whether a new agreement was effected and if so whether it was supported by a valid consideration. There is no evidence to support the theory that a new agreement or novation was effected. Under the circumstances present in this case, the payment and acceptance of a lesser sum were not sufficient to create a new agreement.
Aside from this, if there were a new agreement, it is well settled that such an agreement, before it is binding, must be supported by a consideration, however insignificant. Coast National Bank v. Bloom, 113 N.J.L. 597 (E. & A. 1934). Although there is contrary authority in other states, our courts have held that the substituted performance where there has been a payment and acceptance of a lower rent, can not deprive the landlord of his right to recover the balance due. Levine v. Blumenthal, 117 N.J.L. 23 (Sup. Ct. 1936); affirmed, 117 N.J.L. 426 (E. & A. 1936). The actual performance of that which one is legally bound to do stands on the same footing as his promise to do that which he is legally compellable to do. Levine v. Blumenthal, supra.
The judgment under review is reversed.