[No. 5461–1. Division One. April 17, 1978.]

ELWIN MESSER, ET AL, *Appellants*, v. THE SNOHOMISH COUNTY BOARD OF ADJUSTMENT, ET AL, *Respondents.*

*Johnson & Level, Inc., P.S.,* and *Edward E. Level,* for appellants.

*Robert E. Schillberg, Prosecuting Attorney,* and *Richard S. Lowry, Deputy,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

At issue in this case is the validity of a conditional use permit which granted the Snohomish County Public Works Department the authority to construct and operate a 200–acre sanitary landfill site known as the Cathcart landfill.

The closure of a major garbage dump site in southwest Snohomish County precipitated a thorny problem for the county. In response thereto, a solid waste steering committee was created. The committee was charged with the responsibility of coordinating planning and engineering for

a new site which would comply with the myriad laws and regulations that now regulate the disposal of solid waste. Not the least of the problems concerning the location of a new site was the understandable reluctance of the citizens of any area to having a waste disposal site located anyplace in their neighborhood.

A total of some 20 potential sites were considered and the Cathcart site was recommended. A comprehensive solid waste plan was then adopted by the Snohomish County Board of Commissioners. Two landfills were recommended, one of which was the Cathcart site.

The conditional use application for the Cathcart site here at issue was heard by a Snohomish County public official known as a zoning adjustor. Four public hearings were held. Approximately 13 hours of testimony was taken and some 34 exhibits were introduced. Subsequent to the hearings, a written order was entered by the zoning adjustor approving the issuance of the conditional use permit. The order contained 119 findings, 9 conclusions and attached 37 conditions to the permit.

Opponents of the permit thereupon appealed to the county's board of adjustment. For convenience, we will hereafter refer to appellants as the "opponents." The board held a public meeting at which it considered the zoning adjustor's action and then entered its own order concurring with the order of the zoning adjustor and adopting it. Testimony was not taken nor were oral arguments presented.

Then, pursuant to the opponents' petition, a writ of review was granted by the Superior Court of the State of Washington for Snohomish County. The record of the entire administrative proceedings including the taped testimony was reviewed by the Superior Court. Following its hearings in the matter, the court entered its judgment affirming the order granting the conditional use permit except for condition number 36 thereof which was determined to be void. In connection with rendering its judgment, the trial court reviewed in detail each of the

numerous claims of error that had been raised by the opponents of the permit.

Following entry of the judgment in the trial court, the opponents of the permit appealed to this court and assign as error most of the same matters raised in the Superior Court. The county has not cross–appealed and the issue of the void condition number 36 is not before us.

This appeal presents three basic issues.

## ISSUES

ISSUE ONE. When the zoning adjustor's decision was appealed to the board of adjustment, did the opponents of the conditional use permit have the right to a new hearing wherein they could present testimony and evidence?

ISSUE TWO. Did the board of adjustment commit reversible error when, at the time it considered the appeal, it did not consider oral argument?

ISSUE THREE. Does the record before us reflect any procedural or other errors committed by either the zoning adjustor or the board of adjustment that would warrant reversal?

## STATUTORY AND ORDINANCE AUTHORITY OF THE BOARD OF ADJUSTMENT AND ZONING ADJUSTOR

Preliminary to discussing the issues in this case, particularly such issues as relate to the administrative review of the zoning adjustor's decision, a detailed examination of the statutes and ordinances on which the authority of the board and zoning adjustor are based is required. An examination of the statutory and ordinance framework within which the board and zoning adjustor function procedurally is also necessary. These statutes and ordinances are contained in the Planning Enabling Act of the State of Washington, RCW 36.70, and Snohomish County Code § 18.88. Since we are not here dealing with a state agency, the administrative procedures act does not apply. RCW 34.04-.010; *State v. Board of Valuation*, 72 Wn.2d 66, 69, 431 P.2d 715 (1967).

Counties are required to establish boards of adjustment and they have the option to also establish the office of zoning adjustor should they desire to do so. RCW 36.70.200. By statute, boards of adjustment are delegated broad authority with respect to permits, variances and nonconforming uses:

Board of adjustment—Authority. The board of adjustment, subject to appropriate conditions and safeguards as provided by the zoning ordinance or the ordinance establishing the board of adjustment, if there be such, shall hear and decide:

(1) Applications for conditional uses or other permits when the zoning ordinance sets forth the specific uses to be made subject to conditional use permits and establishes criteria for determining the conditions to be imposed;

(2) Application for variances from the terms of the zoning ordinance: *Provided,* That any variance granted shall be subject to such conditions as will assure that the adjustment thereby authorized shall not constitute a grant of special privilege inconsistent with the limitations upon other properties in the vicinity and zone in which subject property is situated, and that the following circumstances are found to apply;

(a) because of special circumstances applicable to subject property, including size, shape, topography, location or surroundings, the strict application of the zoning ordinance is found to deprive subject property of rights and privileges enjoyed by other properties in the vicinity and under identical zone classification;

(b) that the granting of the variance will not be materially detrimental to the public welfare or injurious to the property or improvements in the vicinity and zone in which subject property is situated.

(3) Appeals, where it is alleged by the applicant that there is error in any order, requirement, permit, decision, or determination made by an administrative official in the administration or enforcement of this chapter or any ordinance adopted pursuant to it.

RCW 36.70.810.

Where the office of zoning adjustor is also established, the same powers, duties and procedures which apply to the

board of adjustment apply to the zoning adjustor. RCW 36.70.870.

Snohomish County opted to create the office of zoning adjustor. By ordinance, it set up a detailed procedure whereby applications could be made directly to the board and considered by it or certified by it to the zoning adjustor and vice versa. Snohomish County Code §§ 18.88.030–.055–.115–.190(3). In those cases where the zoning adjustor initially hears the matter and makes the decision, it is provided that appeals therefrom may be taken to the board of adjustment. Snohomish County Code § 18.88.180. This appellate route is as contemplated by statute. RCW 36.70.850.

In handling appeals pursuant to RCW 36.70.810(3), set out above, boards of adjustment are given the following statutory authority:

> Board of adjustment—Scope of authority on appeal. In exercising the powers granted by RCW 36.70.810 and 36.70.820, the board of adjustment may, in conformity with this chapter, reverse or affirm, wholly or in part, or may modify the order, requirement, decision or determination appealed from, and may make such order, requirement, decision or determination as should be made and, to that end, shall have all the powers of the officer from whom the appeal is taken, insofar as the decision on the particular issue is concerned.

RCW 36.70.860.

County ordinances can also grant boards of adjustment additional appellate authority. This is contemplated by RCW 36.70.810, set out above, wherein it is declared that the authority of boards of adjustment is "subject to appropriate conditions and safeguards as provided by the zoning ordinance or the ordinance establishing the board of adjustment, . . ." Further in this regard, another statute also provides:

> Board of adjustment—Quasi judicial powers. The board of adjustment may also exercise such other quasi judicial powers as may be granted by county ordinance.

RCW 36.70.820.

The Snohomish County code established the following procedure for the board of adjustment to follow in handling appeals taken from actions of the zoning adjustor.

> *Public meeting.* (1) At a public meeting to consider a petition for appeal from an order of the zoning adjustor the board of adjustment shall review:
>
> (a) The original application form and all attachments;
> (b) All exhibits admitted into evidence at the public hearing held before the zoning adjustor;
> (c) The zoning adjustor's written order;
> (d) The petition for appeal.
>
> The Board of adjustment may concur with the findings and conclusions of the zoning adjustor, adopt them as its own, and enter an order identical to that of the zoning adjustor; or, the board of adjustment may reject the findings, conclusions and order of the zoning adjustor, in whole or in part, and enter an order calling for a public hearing pursuant to Section 18.88.240.

Snohomish County Code § 18.88.210(1). This section of the county code, particularly, will be referred to in more detail in connection with the discussion of the issues.

## DECISION

ISSUE ONE.

CONCLUSION. On the appeal from the zoning adjustor's decision, the board of adjustment could have granted the opponents a de novo hearing but the board did not err by not doing so.

The opponents of the permit point to the language of RCW 36.70.810(3), set out above, which states that the board of adjustment "shall hear and decide . . . [a]ppeals . . ." and argue from that that an appeal means a de novo administrative review.

The word "appeal," as one text expresses it, "has become a term of general application in the law, which has various meanings in different jurisdictions and circumstances, and no absolutely fixed and definite meaning." 4 C.J.S. *Appeal and Error* § 17 (1957). *See also* Black's Law Dictionary 124 (4th ed. rev. 1968). What the word "appeal"

means in the present context, therefore, cannot be decided by simply applying an abstract definition to that word.

The general legal principles which apply to appeals from lower to higher courts do not apply to administrative review of administrative determinations. *Lutz v. Goldberg,* 7 N.J. Super. 288, 73 A.2d 65, 66 (1950); *Hacker v. Review Bd.,* 149 Ind. App. 223, 271 N.E.2d 191, 193 (1971); 73 C.J.S. *Public Administrative Bodies and Procedure* § 159(a) (1951); 2 Am. Jur. 2d *Administrative Law* § 546 (1962). The scope and nature of an administrative appeal or review must be determined by the provisions of the statutes and ordinances which authorize them.

A full administrative appeal or review in which there is a hearing de novo is sometimes provided by statute or ordinance. Sometimes, however, it is not. As one text explains this:

> Under some statutes, review by an appellate administrative body is judicial in nature, and to be determined solely on the original record; and the appellate body may not substitute its discretion for that of the original body.
>
> Under provisions to that effect, the review by an appellate administrative body is judicial in nature, and does not contemplate, require, or afford a trial de novo, but contemplates rather a hearing on questions of law and fact or mixed questions of law and facts, to be determined solely on the record made by the parties in the trial before the original body; and the appellate body is not authorized to hear additional evidence.
>
> On such a review, the appellate body is not empowered to substitute its discretion for that of the original administrative officer or body, and the findings of fact made by the original tribunal in compliance with law will not be disturbed on appeal if they are sustained by substantial evidence.

(Footnotes omitted.) 73 C.J.S. *Public Administrative Bodies and Procedure* § 159(b)(2), at 501–02 (1951).

■ To turn from the foregoing principles to the case at hand, then, it should first be observed that Snohomish County Code § 18.88.210(1), quoted above, which established the procedures whereby the board of adjustment

handles appeals from decisions of the zoning adjustor, does have some disturbing language in it. In the first place, it does not point out that the board in considering the appeal should consider all of the record from the zoning adjustor's hearings which is pertinent to the issues raised on the appeal, or appropriate summaries of such records. This section of the code, and some related ones, also refer to a "petition for appeal" in a sense which at least suggests that the appeal to the board is not a right but a privilege to be granted or withheld at the discretion of the board. This is not so. The right to appeal is granted by statute, RCW 36.70.850, RCW 36.70.810(3), and cannot be withheld by the board of adjustment when it has been timely filed. RCW 36.70.880; *Lauterbach v. Centralia,* 49 Wn.2d 550, 554–55, 304 P.2d 656 (1956). Substance will be deemed to control over form, however, and as noted below, the board in this case did consider the matter as an appeal.

Under the language of Snohomish County Code § 18.88.210(1), the board had two options as to how it could handle the appeal: (1) it could affirm the zoning adjustor; or (2) it could grant a de novo hearing.

The first option, which was followed, was a review of judicial nature—or more precisely, was a review of quasi–judicial nature. It was authorized by RCW 36.70.810(3), which refers to "error" in the determination being appealed from and is clearly language of judicial or quasi–judicial review. The board's action in affirming the zoning adjustor was not in any sense a denial of the opponents' right to appeal. *Scannell v. Wolff,* 86 Cal. App. 2d 489, 195 P.2d 536, 538 (1948). The matter was handled as an appeal. Since the board did not sit in a fact–finding capacity under this first option, it had no obligation to enter findings of fact and conclusions of law. *West Slope Community Council v. Tacoma,* 18 Wn. App. 328, 338, 569 P.2d 1183 (1977). *See also* RCW 36.70.900.

The second option authorized the board to grant a de novo hearing. At such a hearing the entire matter could have been retried before the board. That, too, would have

been proper had the board granted that option, RCW 36.70.810(1), RCW 36.70.820, but it did not do so. No statute or ordinance required the board to grant a de novo hearing. Neither did the demands of due process require one. *Bowing v. Board of Trustees,* 85 Wn.2d 300, 313, 534 P.2d 1365 (1975); *West Slope Community Council v. Tacoma, supra* at 339. This is because the entire matter had already been fully heard once before a duly empowered and acting zoning adjustor who took testimony, admitted evidence and considered objections to the granting of the permit. *See State ex rel. Martin Marietta Aluminum, Inc. v. Woodward,* 84 Wn.2d 329, 333, 525 P.2d 247 (1974).

ISSUE Two.

CONCLUSION. While it would have been much more preferable for both the proponents and opponents to have been given the right to personally or through counsel orally argue the appeal before the board of adjustment, the matter was discretionary under the circumstances shown and the board did not abuse its discretion.

■ The appellate courts of this state have repeatedly emphasized the vital importance of maximum citizen input into governmental decisions, as well as the public's right to be fully heard in such matters. *Smith v. Skagit County,* 75 Wn.2d 715, 739–43, 453 P.2d 832 (1969); *Deering v. Seattle,* 10 Wn. App. 832, 835, 520 P.2d 638 (1974). A very basic purpose of statutes and ordinances authorizing hearings before boards of adjustment is to provide forums that are easily accessible to the community at large so that citizens can air their grievances and obtain redress. 2 E. Yokley, *Zoning Law and Practice* § 13–9, at 94 (3d ed. 1965). Even though the board was sitting as an appellate body in this instance, at the time the appeal was considered, in fairness it should have granted a reasonable time to each side to present arguments pro and con.[1]

---

[1]The opponents' argument that a deputy prosecuting attorney was permitted to orally argue, whereas they were not, is not borne out by the record. The deputy prosecutor merely raised a point of law concerning which he was overruled.

Unlike the situations presented in *Smith v. Skagit County, supra, Deering v. Seattle, supra,* and similar cases, however, the opponents of this permit were not deprived of their right to be heard. They were heard, and at length, in four public hearings conducted by the zoning adjustor. Furthermore, their appeal letter (referred to in the ordinance as a "petition for appeal") was a comprehensive and detailed 13–page itemization of the errors they claimed the zoning adjustor had committed. That letter was before the board when it considered the matter, as were numerous other letters objecting to the issuance of the permit. Some of the statements made by board members at the time the appeal was considered are quoted in the opponents' brief and are argued as being improper. When these are read in context, however, they appear in an entirely different light. We have carefully reviewed the transcript of the proceedings before the board of adjustment. When considered as a whole, it demonstrates that the opponents were not unfairly treated.

No statute or ordinance required that oral arguments be considered by the board when it heard the appeal by the permit opponents. The legal principles in this regard are collected in 2 Am. Jur. 2d *Administrative Law* § 419, at 231 (1962):

> Reasonable restrictions may be placed upon the right to argue or file briefs without violating the due process guaranties, and the matter of when and under what circumstances procedural due process may require oral argument is one for case–to–case determination, through which alone account may be taken of differences in the particular interests affected, circumstances involved, and procedures prescribed by the legislature for dealing with them. It cannot be said that it is an inherent element of procedural due process in all judicial or quasi–judicial determinations of questions of law, outside of such questions as may arise upon interlocutory matters involving stays pendente lite, temporary injunctions, and the like, that opportunity for oral argument must be afforded.

(Footnotes omitted.) Under the circumstances presented in the case before us, the board of adjustment did not abuse its discretion or deny the opponents' due process when it in effect confined appellate argument to the opponents' appellate letter and to the other written objections filed with the board. *See Federal Communications Comm'n v. WJR*, 337 U.S. 265, 272 *et seq.*, 93 L. Ed. 1353, 69 S. Ct. 1097 (1949); *Morgan v. United States*, 298 U.S. 468, 480–81, 80 L. Ed. 1288, 56 S. Ct. 906 (1936); *State ex rel. School Dist. 8 v. Cary*, 166 Wis. 103, 163 N.W. 645, 647 (1917).

ISSUE THREE.

CONCLUSION. The actions of the zoning adjustor and the board of adjustment were not arbitrary and capricious, ultra vires or otherwise illegal. No reversible error was committed.

 The problems presented to courts involving boards of adjustment are commonly problems of informality. The boards are administrative bodies usually composed primarily, if not entirely, of persons without legal knowledge or experience and whose duties require that they apply broad standards and make decisions which may have far–reaching effects on private rights in land. Probably as a consequence of this, and perhaps also with a recognition that the decision–making process of each such board has a character of its own which is unlike that of the courts, the reported cases show that their decisions are infrequently overturned by the courts for procedural faults. *See* R. Anderson, *American Law of Zoning* § 20.01 (3d ed. 1977). As noted, neither the proceedings of the board of adjustment nor the zoning adjustor are strictly judicial, but rather are quasi–judicial in nature. RCW 36.70.820; *Beach v. Board of Adjustment*, 73 Wn.2d 343, 345, 438 P.2d 617 (1968).

Judicial review of the actions of the board of adjustment and the zoning adjustor is limited to determining whether or not, as a matter of law, the record of their actions presented to us shows that they were arbitrary, capricious or acted contrary to law. *Lewis v. Medina*, 87 Wn.2d 19, 22, 548 P.2d 1093 (1976). The burden of so proving is on the

opponents since they are the parties seeking to invalidate the conditional use permit. *State ex rel. Standard Mining & Dev. Corp. v. Auburn,* 82 Wn.2d 321, 332, 510 P.2d 647 (1973); *State ex rel. Lyon v. Snohomish County Bd. of Adjustment,* 9 Wn. App. 446, 446–47, 512 P.2d 1114 (1973).

We have carefully reviewed the permit opponents' claims that the zoning adjustor failed to properly evaluate certain technical data and that he erred in refusing to allow evidence as to alternative solid waste disposal sites and methods. We agree with the Superior Court that no reversible error was committed in this regard. Substantial evidence of possible alternate disposal sites was admitted and considered by the zoning adjustor. A vast amount of technical material was also introduced at the hearing along with expert opinion, often conflicting. We hold in this case as the court held in *Lillions v. Gibbs,* 47 Wn.2d 629, 633, 289 P.2d 203 (1955):

> Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.

*Accord, State ex rel. Myhre v. Spokane,* 70 Wn.2d 207, 213, 422 P.2d 790 (1967).

The opponents further claim that the board of adjustment erred in failing to properly review and consider the record of the proceedings before the zoning adjustor when the matter came before it on appeal. Their claims in this regard include that the board failed to consider all of the testimony and evidence in the record and did not have adequate time to review it.

█ Due process considerations are satisfied if the board of adjustment had available for its consideration the substance of the hearings before the zoning adjustor. *West Slope Community Council v. Tacoma,* 18 Wn. App. 328, 338, 569 P.2d 1183 (1977). The presumption is that the members of the board discharged their public duty and considered the record before making their decision. *Johnson v. Grays Harbor County Bd. of Adjustment,* 14

Wn. App. 378, 385, 541 P.2d 1232 (1975). The courts go no further than to hold that if it can be shown that the officials making the decision were unfamiliar with the contents of the record on which they were required to base their decision, then the decision will be set aside. *Bowing v. Board of Trustees,* 85 Wn.2d 300, 308, 534 P.2d 1365 (1975) quoting 2 F. Cooper, *State Administrative Law,* ch. 13, § 3 (1965). The permit opponents have not sustained their burden of so showing here.

In response to a pretrial order of the Superior Court, the opponents filed a bill of particulars listing the claims of error they said they would rely on in the superior court proceeding. Then in that court, and again here, they have argued yet additional contentions. This was not proper. *Stempel v. Department of Water Resources,* 82 Wn.2d 109, 115, 508 P.2d 166 (1973); *Boeing Co. v. State,* 89 Wn.2d 443, 452, 572 P.2d 8 (1978). We have nevertheless considered those contentions, as did the Superior Court, and as the Superior Court also did, we find them without merit. The record before us does not sustain the permit opponents' remaining contentions.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.