In re SIOUX FALLS TRACTION SYSTEM.

(228 N. W. 179.)

(File No. 6298. Opinion filed December 10, 1929.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Petitioner.

*Buell F. Jones,* of Britton, and *Raymond L. Dillman,* of Yankton, for Railroad Commission.

BROWN, J.  Sioux Falls Traction System applied to the board of railroad commissioners for a certificate of public convenience and necessity to operate as a class A motor carrier for the transportation of passengers and baggage between Sioux Falls, S. D., and Sioux City, Iowa, via Harrisburg, Canton, and Hudson, S. D., Hawarden, Chatsworth, Akron, and Westfield, Iowa, and Richland, Elk Point, and Jefferson, S. D.  After a hearing, the Railroad Commission granted a certificate for interstate transportation only, and denied the application so far as it affected intrastate transportation in South Dakota.  A petition for rehearing was denied, and the case is now before us on a writ of certiorari.

Laws of 1925, c. 224, under which petitioner's application is made, is entitled:

"An Act Providing for the Supervision, Regulation and Control of the Transportation by Motor Vehicle of Persons and Property for Hire Upon the Public Highways of this State and Prescribing the Compensation to be Paid for the Use of Such Highways."

Petitioner contends that this act is unconstitutional, because it embraces more than one subject, and also because it contains subjects that are not expressed in the title.  We are satisfied that this contention cannot be sustained.  The argument that the act covers not only the supervision, regulation, and control of motor vehicles, but also the giving of indemnity bonds by the bus companies, the taking out of indemnity insurance, and the levying of a gross income tax upon the incomes of the bus companies, and thus includes different subjects which are not expressed in the title, is

not persuasive. All of these topics are clearly part of the supervision, regulation, and control of transportation by motor vehicles. The alleged levying of an income tax is simply the mode of collecting compensation for the use of the highways, which compensation is based on a percentage of the gross income. Clark v. Poor, 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199; Smallwood v. Jeter, 42 Idaho, 169, 244 P. 149.

█ Under the law that existed before the enactment of chapter 224 of the Laws of 1925, any one complying with the requirements of the statute was entitled to a certificate, and could use the highways as a common carrier, the Railroad Commission having no discretion as to whom certificates should be issued to, and under that law petitioner had procured a certificate and was operating as a carrier of passengers and baggage by motor vehicle between the stations mentioned in the present application, and it is petitioner's contention that now to deny it the right to do intrastate business between those points lessens the value of the property that it had invested in motor vehicles and other equipment for the business, and thus it is deprived of its property without due process of law. But in similar circumstances the Supreme Court of the United States has held that there is no support for such a contention. Interstate Busses Corporation v. Holyoke Street Ry. Co., 273 U. S. 45, 47 S. Ct. 298, 71 L. Ed. 530. No one has a vested right to the use of the highways of the state for private gain, Greeley Transportation Co. v. People, 79 Colo. 307, 245 P. 720.; State v. Johnson, 75 Mont. 240, 243 P. 1073.; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596.

██ Section 6 of the act provides that no motor carrier shall give any preference or advantage to any particular person or locality, and petitioner contends that the refusal to grant a certificate for intrastate business between the South Dakota stations and Sioux Falls involves a direct discrimination against those South Dakota towns, because, if two persons get on to the bus at Sioux Falls, one desiring to go to Hawarden, Iowa, and the other to go to Hudson, S. D., the station next nearer to Sioux Falls than Hawarden, the Hawarden passenger can be carried, but the Hudson passenger must get off, although the bus has to pass through Hudson in order to get to Hawarden. We do not see how this constitutes any discrimination. There is no claim that any discrimi-

nation is made between persons going to any place where petitioner's busses are authorized to do business, nor between different localities named in the certificate granted. Petitioner's argument that it is the duty of a common carrier to handle all passengers who apply for transportation on his route without discrimination and without preference is in a sense true, but it is limited by the condition that the route embraces only the towns or stations to and from which a certificate for carriage has been granted. The act does not impose upon any carrier any necessity for discrimination between persons going to the same place, nor does it entail any discrimination between localities where the busses are authorized to do business. And, in absence of federal legislation on the subject, state regulation of intrastate business of an interstate motorbus line does not infringe the commerce clause of the federal Constitution (article I, § 8). Haselton v. Interstate Stage Lines, 82 N. H. 327, 133 A. 451, 47 A. L. R. 218.

It is next contended that the evidence shows that there is a public necessity for the service which petitioner had been giving, and proposes to continue, and that the action of the Railroad Commission in denying a certificate of public convenience and necessity for the intrastate as well as the interstate towns was arbitrary, and not in accordance with the evidence. Petitioner does not point out wherein the ruling of the Railroad Commission is arbitrary, and we find nothing in the record indicating that the commission acted arbitrarily or unreasonably. The contention that the ruling of the commission is not in accordance with the evidence cannot be considered by this court so long as the order is not shown to be arbitrary or unreasonable. The evidence before the commission shows that there are two passenger trains each way on the Milwaukee Railway, and that there is train service on two other railways, the Omaha and the Great Northern possibly six or eight trains a day, and that most of the towns served, or proposed to be served, by the bus line are also served by one or more of the railways. The witnesses for the applicant agree that it would be a convenience to have the bus line continued, but none of them go to the length of saying that it is necessary. The testimony in substance shows that the railway service is sufficient for the travel needs of the public, but is not so convenient as the bus line which picks up passengers at places in the several towns

served, when otherwise they would have to walk to the station, and that the time schedules maintained by the bus line are to certain degree more convenient than those of the railway. But this court cannot substitute its judgment for that of the commission, where there is any substantial basis in the evidence of the finding of the commission. 42 C. J. 692.

The statute expressly provides that "the findings and conclusions of the Board on questions of fact shall be final and shall not be subject to review." We do not deem it necessary to decide whether this provision of the statute can be sustained or not. It is assailed by appellant as placing judicial power in the board of railroad commissioners, and to that extent being unconstitutional. But in the present case we only decide that the finding of the commission is not so lacking of support in the evidence as to justify us in reversing that finding. In determining whether or not a certificate should be issued, the board is required to give consideration to the transportation service that is being furnished, or that will be furnished, by any railroad or any existing transportation agency, and shall also give consideration to the effect which such proposed transportation service may have upon other forms of transportation service which are essential and indispensable to the communities to be affected, or that might be affected. Laws 1925, c. 224, § 10.

The statute regulating appeals from the board of railroad commissioners in Iowa is quite similar to our statute providing for review upon certiorari, except that it does not contain the clause making the findings and conclusions of the board on questions of fact final and not subject to review, and even in the absence of such a clause, the Supreme Court of Iowa holds that whether proposed service by a motor carrier will promote public convenience or necessity involves a legislative and not a judicial function, and that the decision of the board of railroad commissioners on the matter is not reviewable by the courts on appeal.

"As a prerequisite to granting a certificate to a motorbus carrier, the board must find that the proposed service will promote the public convenience and necessity. This required determination on its face is not of existing facts and resultant and controverted rights and duties, which is a judicial function, but is of public convenience and necessity, requiring the formation and determina-

tion of future rights and duties, which is a legislative function. (Citing numerous cases.) * * * Permission to use highways for motorbus transportation may involve inquiries into the construction, maintenance, capacity, and demand upon them. Engineering problems, cost, and revenue are involved. These matters are not only not judicial in their nature, but the courts are not equipped with facilities for, nor their procedure adapted to, their determination. They are properly committed to an administrative board." Appeal of Beasley Bros., 206 Iowa, 229, 220 N. W. 306, 309; Application of Waterloo, C. F. & N. Ry. Co., 206 Iowa, 238, 220 N. W. 310.

The order of the board of railroad commissioners is affirmed.

SHERWOOD, P. J., and POLLEY, J., concur.

BURCH, J., concurs in result.

CAMPBELL, J., dissents.