ILLINOIS CENTRAL RAILROAD CO., Respondent,
v. WISCONSIN GRANITE COMPANY, Appellant.

(19 N. W.2d 753.)

(File No. 8801. Opinion filed August 31, 1945.)

**Hugh S. Gamble,** of Sioux Falls, for Appellant.

**Bailey, Voorhees, Woods & Fuller** and **J. B. Shultz,** all of Sioux Falls, for Respondent.

WOHLHETER, Circuit Judge. The Illinois Central Railroad Company, respondent herein, in conformity to SDC 52.08, filed a petition with the Public Utilities Commission setting forth that such railroad company owns and operates a railroad in Minnehaha County, South Dakota, and requesting consent to the construction of a new spur track from its present industrial track across the property of the appellant, which would require the acquisition of approximately 11,389 square feet of the appellant's property.

After a hearing on the petition, the Public Utilities Commission by resolution, gave its consent to the construction of such spur track and to the condemnation of the right-of-way therefor. An appeal was taken to the circuit

court of Minnehaha County, and that court affirmed the action of the Public Utilities Commission and the matter is here upon appeal from the judgment of the circuit court.

The facts disclosed upon the hearing before the Commission are substantially as follows: That the respondent is in charge of the maintenance and control of an industrial railroad track that runs from the down town district of Sioux Falls a distance of about a mile to the John Morrell & Co. packing plant; that off this industrial track is a spur that leads to the appellant's property; that another spur leads to the property of the Sioux Falls Stock Yards Company, and at the end of the industrial track is a spur to the John Morrell & Company property; that the present Stock Yards Company spur is so close to the John Morrell & Company spur that both concerns cannot be serviced by a switch engine at the same time; that in the year 1943 the Stock Yards Company shipped out from the yards 3,483 of livestock and received 614 cars John Morrell & Company shipped out 9,285 railway cars and received 1,461 cars; that between five and six hundred motor cars of employees must cross the railroad tracks to get to their work, which retards the switching operations and causes a traffic congestion; that the proposed spur track will eliminate the switching congestion and will furnish additional storage space for railway car and will make it possible for the City of Sioux Falls to construct a street which would eliminate traffic crossing of the railroad track.

The Statute, SDC 52.0827, provides in part as follows: "* * * and if the Public Utilities Commission shall be of the opinion that public necessity exists for the construction of spur track and for the condemnation of property for the such right of way therefor, such Commission shall adopt a resolution and cause the same to be entered upon the minutes of the Commission, giving the consent of the Public Utilities Commission to the construction of such spur track and to the condemnation of the right of way therefor of the land described in such petition."

■ This court has held that in reviewing an order of public convenience and necessity, the function of this court is to determine whether or not the order is arbitrary

or unreasonable and that this court will not substitute its judgment for that of that Commission where there is any substantial basis in the evidence for the finding. In re Sioux Falls Traction System, 56 S. D. 207, 228 N. W. 179; Vander Werf v. Board of Railroad Com'rs, 58 S. D. 586, 237 N.W. 909; Application of Dakota Transportation, Inc., of Sioux Falls, 67 S. D. 221 291 N. W. 589.

■■ The appellant relies solely upon the insufficiency of the evidence that any public necessity exists for the construction of the spur track, and does not point out wherein the ruling of the Commission is arbitrary. We find nothing in the evidence indicating that the Commission acted arbitrarily or unreasonably. "The contention that the ruling of the Commission is not in accordance with the evidence cannot be considered by this court so long as the order is not shown to be arbitrary or unreasonable." In re Sioux Falls Traction System, supra [56 S. D. 207, 228 N. W. 181]. Upon a careful consideration of the record we do not find that the order of the Commission is either unreasonable or arbitrary and without substantial support in the evidence.

The appellant contends that the construction of the spur track is for the benefit of the Sioux Falls Stock Yards Company alone and is not a public necessity. It is true that the Stock Yards Company will be benefited, but the evidence also shows that the spur will relieve congestion of traffic and aid in the transportation of freight for many other firms and individuals.

In the case of Application of Megan, 69 S. D. 1, 5 N. W.2d 729, 735, this court said in part: "The commission is not clothed with unlimited discretion. The statutes from which its powers are derived serve also to mark the boundaries of those powers. As we have indicated supra, its power to grant a certificate is conditioned upon proof of the existence of public convenience and necessity for the proposed service. SDC 44.0410. In its common or technical use that phrase is employed with reference to a concept of lesser scope and content than those denominated 'public welfare' and 'public interest.' As ordinarily used, public convenience and necessity has reference to a particular aspect of public welfare or interest."

In the case of Chicago R. I. & P. Ry. Co. v. State et al., 126 Okl. 48, 258 P. 874, 877, the court said: "Neccessity, as here used, could not mean indispensable which is the more common meaning of the term. While a condition might arise where motor transportation of this sort might be indispensable to an individual or several individuals, such could never be the case with the public. A much less urgency will meet the requirements. As used in this connection, 'necessity' means a public need, without which the public is inconvenienced to the extent of being handicapped in the pursuit of business or wholesome pleasure, or both—without which the people generally of the community are denied to their detriment, that which is enjoyed by other people generally, similarly situated."

There is substantial evidence in the record to justify the Commission in finding that the construction of the spur track was a public necessity.

The judgment of the circuit court is affirmed.

All the Judges concur.

WOHLHETER, Circuit Judge, sitting for SMITH, P.J., disqualified.