## Application of SVOBODA

### (54 N.W.2d 325)

(File No. 9254. Opinion filed July 7, 1952)

**Stordahl, May & Boe, R. G. May,** Sioux Falls, for Appellant.

**H. Lauren Lewis,** Sioux Falls, for Respondents.

RUDOLPH, J. The Public Utilities Commission allowed the application of Svoboda for the transfer and amendment of a Class B Motor Carrier permit from Lee Colvin. Certain owners of Class B permits in the territory affected by the amendment of the Colvin permit appealed to the circuit court. The circuit court reversed the action of the Commission and directed that body to disapprove the amendment. Svoboda has appealed to this court.

The Colvin permit provided for Class B service "To and from farms in the vicinity of White Lake". Under the rules and regulations of the Commission this permit applies to a

territory within a radius of twenty miles from White Lake, and the freight which is hauled must either originate or terminate at a farm located within such perimeter. This type of permit does not include the hauling either to or from any town within the perimeter. The amendment of the permit as allowed by the Commission is as follows: "To and from Kimball and the Livestock Sales Barn located therein or adjacent thereto, and farms within a radius of 10 miles thereof, * * *". This amendment would make permissible the hauling of freight originating or terminating in Kimball or on farms within a radius of ten miles of Kimball, and specially made permissible the hauling of livestock to and from the Kimball sales barn.

There is no controversy over the transfer of the permit. The controversy relates to the amendment. Evidence was introduced before the Commission upon the adequacy generally of motor carrier service in the vicinity of Kimball, and specifically upon the adequacy of service to and from the sales barn. The evidence was in conflict, but the Commission resolved such conflict in favor of Svoboda by its finding that "public convenience and necessity have been shown by the applicant" for the amendment of the permit as determined by the Commission.

It appears that the ten-mile radial area around Kimball which is the territory in the permit as amended, and the twenty-mile radial area around White Lake described in the original permit overlap to some extent, but a portion of the territory in the original permit is excluded by the amendment. The circuit court based its decision upon the fact that no evidence was presented to the Commission relating to motor carrier service in the territory excluded by the amendment, and determined that without evidence showing adequate service in such territory after the exclusion applicant had failed to make a showing of public convenience and necessity sufficient to justify the amendment.

The question presented is whether the Commission has power to amend the permit as it did, and the effect of the absence of evidence showing adequate motor carrier service in that portion of the territory included in the original permit and excluded by the amendment.

 The Public Utilities Commission is an administrative body authorized to find and determine facts, upon which the statutes then operate. It is not a court and exercises no judicial functions. It follows that in a judicial review of the Commission's action a court cannot supplant the Commission's discretionary authority. The court's authority extends only to a determination of whether the Commission has acted within its powers and whether its determination is supported by any substantial evidence. Application of Dakota Transportation, Inc., 67 S.D. 221, 291 N.W. 589.

 Under SDC 44.0412 as amended by Ch. 170, Laws of 1949, the Commission has power to authorize the transfer or assignment of a motor carrier permit. Under SDC 44.-0410 as amended by Ch. 169, Laws of 1949, the Commission has power to grant an application for a permit. Its power in each instance is dependent upon a determination that public convenience and necessity require either the transfer or granting of the permit. We believe the action of the Commission in this instance partakes of both the power to authorize a transfer and the power to grant a permit. In so far as the amended permit covers territory embraced in the original permit the action of the Commission operates as an authorization of a transfer of the permit, but in so far as its action relates to territory not embraced in the original permit it amounts to the granting of a new permit for that territory.

Since no one is here questioning the transfer of the permit in so far as the amended permit relates to territory covered by the original permit we need give no consideration to that part of the Commission's action.

 Respondents in their brief seriously contend that the evidence fails to justify the finding of public convenience and necessity for the inclusion of Kimball and the sales barn in the permit. As stated above the court's only function with respect to this issue is to determine whether there is any substantial evidence in support of the Commission's finding. The court will not weigh the evidence or substitute its judgment for that of the Commission. We have read the entire transcript and conclude there is an abundance of

testimony, substantial in character, which supports the Commission's finding.

We come now to the basis upon which the trial court rested its decision. As stated above the trial court determined that without evidence in the record showing adequate service in that portion of the territory included in the original permit and excluded by the amendment the Commission was without power to act as it did. SDC 44.0406 provides:

"No * * * class B motor carrier shall abandon or discontinue any service established under this chapter without an order of the Commission therefor."

Implicit in this provision is the vesting in the Commission of authority to permit the abandonment or discontinuance of service by a Class B Motor Carrier. This authority does not rest upon a finding of public convenience and necessity. It is perhaps not an authority that can be exercised arbitrarily or unreasonably, but once the authority is exercised we believe the burden is upon those objecting to the action to show that it is unreasonable or arbitrary. We are convinced that an absence of record testimony supporting the action of the Commission does not meet this burden. The Commission is the only body vested with authority to grant motor carrier permits. It of course knows of the permits that have been granted, and the territory covered thereby. Until it is affirmatively shown that abandoning Class B service in this fringe area which had been served under the original permit is unreasonable or arbitrary this court must presume that the Commission faithfully exercised the authority with which it is vested in the light of its official knowledge, and in the exercise of a sound discretion. Certainly there is no basis upon which either this court or the trial court can hold the action of the Commission either arbitrary or unreasonable.

The judgment appealed from is reversed, and the trial court is directed to enter judgment affirming the action of the Commission.

All the Judges concur.