IN RE APPLICATIONS OF DYER, HARTZELL, BLACK HILLS OLDSMOBILE, INC., MORAVEC, SEASTROM, AIGNER, JR., TO ENLARGE BASE OF OPERATIONS AS CLASS "B" MOTOR CARRIERS

(81 N.W.2d 884)

(File No. 9625. Opinion filed March 27, 1957)

**Smiley & Clark,** Belle Fourche, for Appellants.

**Lem Overpeck,** Belle Fourche, **Bangs & McCullen,** Rapid City, for Respondents.

ROBERTS, J. This is an appeal from a judgment of the Circuit Court of Butte County affirming an order of the Public Utilities Commission authorizing the amendment of certain Class B motor carrier permits.

On October 22, 1955, Eugene Dyer, W. C. Hartzell, Belle Fourche, South Dakota, Black Hills Oldsmobile-Cadillac, Inc., John Moravec, L. G. Seastrom and Harry Aigner, Jr., Rapid

City, South Dakota, filed an application with the Public Utilities Commission requesting amendments of their Class B permits authorizing them as motor carriers of livestock to extend their operations to and from points within a 20-mile radius of a city named in each permit to a 60-mile radius. They will be hereinafter referred to as applicants. W. G. McVicker, Belle Fourche, South Dakota, and Shirley Hussey, Sturgis, South Dakota, holders of Class B Permits which did not confine them in their operations to the usual 20-mile radius objected to granting the application on the ground that convenience and necessity did not justify enlargement of operating rights. They will hereinafter be referred to as protestants.

The record shows that months prior to the filing of the aforementioned application complaints had been made to the Public Utilities Commission that operation rights of certain Class B motor carriers in the Black Hills area of the state were too restrictive and for that reason inadequate service was being rendered. The commission caused notice to be served upon all Class B motor carriers in Pennington, Meade, Lawrence and Butte counties of a public hearing at Sturgis, South Dakota, on August 18, 1955. At the hearing, numerous witnesses testified as to the adequacy of existing facilities in the territory for the transportation of livestock. The commission found that on occasions authorized motor carriers were unable to handle shipments of livestock with dispatch. An order of the commission entered September 28, 1955, indicated that determination of convenience and necessity for enlargement of permits would be made upon the filing of a formal application by Class B motor carriers in the aforementioned counties.

Thereafter the application for amendment of permits to which we have referred was filed with the commission. After full hearing and introduction of evidence, the commission, among other things, found that a marked change has taken place in the past fifteen years or thereabouts in the method of marketing livestock and in the required transportation needs of the public in the territory in question; that livestock generally is marketed through auction agencies in Belle Fourche, Sturgis, Newell and Rapid City; that for-

merly livestock was driven to railroad yards and shipped by rail to terminal markets; that cattle and sheep are first trucked to these auctions and then after sale to terminal markets or feed lots in this and other states; that an auction is held weekly at each of the four agencies and more frequently during the heavy movement of livestock in the fall of the year; that when an established trucking service becomes inadequate to care for transportation needs it has become the custom of authorized carriers to lease equipment from other carriers; that the need for transportation service has been so considerable that motor carriers have not at times complied with the territorial restrictions contained in their permits; and that the 20-mile radius from a central point is too restrictive under present transportation requirements and methods of marketing livestock. The commission by its order of April 5, 1956, granted the application to the extent of permitting transportation of livestock to and from points within a 50-mile radius of a central point. This order is now before us for review.

The sole question presented by the assignments of error is whether the commission acted within its authority. It is claimed that convenience and necessity which the law requires to support an order for extension of motor carrier service was not established by the evidence adduced.

■ The grant or refusal of a motor carrier permit by the commission is the exercise of an administrative or legislative function and not a judicial power. In Application of Dakota Transportation, Inc., 67 S.D. 221, 291 N.W. 589, 594, this court held: "In a proceeding to review an order of the Commission, administrative or legislative in nature, judicial action cannot supplant the discretionary authority of that body. The review by the court exercising judicial functions only cannot extend beyond the questions whether the Commission has acted within its constitutional or statutory powers and whether its order or determination is supported by substantial evidence and is reasonable and not arbitrary."

■ An applicant asking an amendment of a motor carrier permit to authorize operations in territory not included in his original permit has the burden of showing the

existence of public convenience and necessity. Application of Svoboda, 74 S.D. 444, 54 N.W.2d 325. An applicant for an amendment of a permit, in other words, stands upon the same basis as an applicant for an original permit.

 The commission in determining the ultimate fact of public convenience and necessity is required under the provisions of SDC Supp. 44.0410 to give reasonable consideration to the transportation service being furnished by existing transportation agencies and the effect which the proposed transportation service may have upon other forms of transportation service which are essential and indispensable to the communities to be affected by the proposed transportation service. It is true, as protestants contend, that the commission must conform its orders to the requirements and limitations imposed by the legislature from which its authority is derived. In re Sioux Falls Traction System, 56 S.D. 207, 228 N.W. 179; Vander Werf v. Board of R. R. Commissioners, 58 S.D. 586, 237 N.W. 909; Application of Transport, Inc. of South Dakota, 75 S.D. 340, 64 N.W.2d 313. In this connection it was said by this court in Application of Megan, 69 S.D. 1, 5 N.W.2d 729, that the object of the legislature in enacting the statute requiring motor carriers to secure permits was to safeguard the public interest in its transportation system as a whole. If the public interest requires additional transportation service, it is controlling and other objectives are secondary. Protestants rely upon our decision in Application of Dakota Transportation, Inc., supra, as ruling the present controversy in their favor. Inasmuch as there was evidence in that proceeding to sustain the finding of the commission that public convenience and necessity would not be promoted by the issuance of a certificate for an additional competitive service, this court held that the trial court erred in reversing the decision of the commission. The public is entitled to improved motor carrier service and when there is substantial evidence of the need, priority in the field and the fact that the business of an existing carrier may be affected will not prevent the granting of a permit for additional service.

 In support of their application, applicants testified as to the curtailment of their operations because of the

20-mile restriction and the need for a more adequate service. They presented a number of witnesses, ranchers and shippers of livestock and also operators and employees of livestock auctions in the area. There was testimony that existing service does not satisfy the need and convenience of shippers to the livestock auctions in the area and that there is a need for the additional service that would be made available by amending the permits extending the areas of operations of applicants. The evidence presented by protestants related to the sufficiency of equipment available and to the adequacy of the service rendered in their respective areas. They testified that existing facilities were ordinarily sufficient, but admitted that infrequently they found it necessary to call upon other motor carriers to assist them. They expressed the opinion that the proposed change would create undue competition and that their operations and ability to serve the public would be adversely affected.

In view of the conflicting evidence, we are unable to say that the commission's order is not supported by substantial evidence. No irregularity in the proceeding is asserted. The inadequacy of existing service and the need of enlarging the permits to correct or at least improve the existing service were under the record administrative problems within the sound discretion of the commission.

Judgment appealed from is affirmed.

All the Judges concur.