McKINNON et al., Respondents v. STATE BANKING COMMISSION et al., Appellants

(103 N.W.2d 179)

(File No. 9809. Opinion filed May 20, 1960)

408

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for Defendants-Appellants.

**John P. McQuillen,** Sioux Falls, for Plaintiffs-Respondents.

HANSON, J. On March 6, 1956 petitioners, H.D. McKinnon and others filed an application for a bank charter with the State Banking Commission for a new bank to be located in the stockyards area in the city of Sioux Falls to be known as The Stock Yards Bank. The application was filed pursuant to SDC 6.0304. A public hearing was held by the Commission in Sioux Falls on June 28, 1956. Evidence was heard in favor of and in opposition to the application. At a subsequent meeting on July 27th the Commission denied the application without stating the grounds therefor.

Thereafter on applicants' petition the Circuit Court of Minnehaha County issued an alternative writ of mandamus commanding the members of the State Banking Commission to forthwith approve the application or show cause before the Court at Sioux Falls on November 28, 1956. On stipulation of counsel the hearing was continued to December 11,

1956. In the meantime at a meeting on December 7th the Commission adopted a supplemental resolution in the form of findings with reference to the denial of petitioners' application. The resolution concluded that "the application for a charter for the Stock Yards Bank is therefore hereby denied for the reason that it appears that the public convenience and necessity does not justify the organization of said new bank and that said Stock yards Area and Sioux Falls are now provided with adequate banking facilities."

After the hearing on December 11th the court issued an order requiring the Banking Commission to certify to the court the record of its proceedings and further ordered that the hearing on the writ of mandamus be continued to January 22, 1957. However, for reasons not apparent in the record, and not apparent to the trial court, the matter was not finally brought on for hearing until December 17, 1958. After reviewing the record the court entered its order on May 28, 1959 remanding the proceedings to the Banking Commission. The order, so far as material, recites:

"* * * and the Court finding that there are no sufficient findings of the ultimate facts or determinations of facts as required by S.D.C. 6.0304; and

"It furthermore appearing to the Court that the denial by the respondents of the petitioners' application for a bank charter to be located in the stockyards area in Sioux Falls, South Dakota, is based in part upon a misconception of the function and power of the Commission; and

"It furthermore appearing to the Court that the respondents have failed to find as to the fitness of the organizers to manage the business of a bank as required by S.D.C. 6.0304, Now, Therefore,

"It Is Hereby Ordered that the proceedings herein be, and the same hereby are, remanded to the State Banking Commission of the State of South Dakota for its further consideration and for the purpose of enabling it to make specific findings

as to the qualifications of the organizers to manage the business of banking, and for the purpose of determining if the proposed corporation is for the purpose of engaging in the legitimate business of banking and to comply with the requirements of South Dakota Section 6.0304.

"It Is Further Ordered that the State Banking Commission of the State of South Dakota shall have the power to and shall reopen the record and take new evidence in order to make current its determination of the issue of public convenience and necessity and other issues and that upon so doing all matters considered by the State Banking Commission of the State of South Dakota be included in its record of such proceedings and its determination of the issues be made thereon as required by law."

This court allowed an appeal from the intermediate remand order. Although the merits of the Commission's action on the application have been briefed and orally argued the propriety of the remanding order is the sole question we may properly consider.

In applying for a bank charter petitioners seek a privilege or a franchise. They are asserting no vested rights. The only right which they have is for administrative consideration of their application in the manner provided by law. Pue v. Hood 222 N.C. 310, 22 S.E.2d 896. When an application is filed in the office of the Superintendent of Banks "It shall then be the duty of the Commission, after investigation and report by the Superintendent, to determine whether such application shall be approved or denied. Such application shall not be approved if the provisions of law relating to banks have not been complied with, or if the corporation has been organized for malicious or speculative purposes, or for any purpose other than the legitimate business of banking; or if the public convenience and necessity do not justify the organization of such bank, or if the organizers thereof do not possess the adequate and necessary

qualifications and fitness to manage the business of banking, and the action of the Commission thereon shall be final * * *." SDC 6.0304.

It is the mandatory duty of the Commission, under our statute, to approve a new bank charter unless one, or more, of the statutory grounds for denial is shown by competent proof. A denial for other reasons or upon other grounds would be unreasonable and arbitrary. Likewise the Commission may not arbitrarily withhold approval asserting some ground for its action which, in fact, does not exist. That would be, as the court said in People ex rel. Schweder v. Brady, 268 Ill. 192, 108 N.E. 1009, 1011; "an act of the will, only, and not of the judgment, and would be such a palpable abuse of discretion as could be controlled by mandamus." Therefore, whenever an application is denied it is obligatory upon the Commission to disclose the grounds upon which it acted in the form of basic findings. Otherwise there could be no recourse against unreasonable and arbitrary action. Judicial review would be effectively foreclosed.

Judicial review of administrative action is limited. The court's authority does not extend beyond consideration as to whether the Commission has acted within its constitutional and statutory powers and whether its order or determination is supported by substantial evidence and is reasonable and not arbitrary. Application of Dakota Transportation, 67 S.D. 221, 291 N.W. 589; Application of Svoboda, 74 S.D. 444, 54 N.W.2d 325. This scope of review applies whether the review is sought on statutory appeal or by mandamus. State ex rel. Dybdal v. State Securities Commission, 145 Minn. 221, 176 N.W. 759. The reviewing court merely determines whether the Commission has proceeded as authorized by law. It cannot substitute its judgment for that of the Commission or disturb its findings where there is substantial evidence in support of its determination. In re Sioux Falls Traction System, 56 S.D. 207, 228 N.W. 179; Vander Werf v. Board of Railroad Commissioners, 58 S.D. 586, 237 N.W. 909. In reviewing administrative pro-

ceedings "substantial evidence" means such relevant and competent evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; 73 C.J.S. Public Administrative Bodies and Procedure § 223, p. 592; Davis, Administrative Law Treatise, Vol. 4, § 29.02

■ Before deciding whether or not a writ of mandamus should issue it was necessary for the trial court to have a full and complete record for review. It was accordingly within the inherent power of the court to remand the proceedings to the Commission to complete the record, correct irregularities in procedure, and to make basic findings.

■ The Commission made an ultimate finding in its supplemental resolution to the effect that the application was denied because public convenience and necessity did not justify a new bank in the Sioux Falls stockyards area. The Commission was not obligated to make additional findings with reference to other possible grounds upon which a bank charter could be denied. Therefore the sole question presented to the trial court was, and remains, whether or not the finding of the Commission relative to public convenience and necessity is supported by substantial evidence. Consequently it was beyond the authority of the trial court to remand these proceedings to the Commission with the command to "reopen the record and take new evidence in order to make current its determination of the issue of public convenience and necessity".

The order appealed from is reversed and the cause remanded with instructions to proceed in conformity with this opinion.

All the Judges concur.