CITY OF LENNOX, d/b/a Idle Hour Bar, Respondent,

v.

Lyle WENDELL, as Secretary of the Department of Revenue of the State of South Dakota, Appellant.

No. 12311.

Supreme Court of South Dakota.

Argued Oct. 16, 1978.

Decided May 3, 1979.

Vance Goldammer, Sioux Falls, for respondent, Gary J. Pashby, Sioux Falls, on the brief.

Gene R. Woodle, Asst. Atty. Gen., Pierre, for appellant, William J. Janklow, Atty. Gen., Pierre, on the brief.

FOSHEIM, Justice (on reassignment).

This case involves the determination of sales tax due the state from the Idle Hour Bar (Bar), which is owned by the City of Lennox (City). The Department of Revenue (Department) audited the Bar for the three fiscal years from July, 1970 to June,

1973, and the Secretary of Revenue (Secretary) ruled that $1,976.59 was due for the period between July, 1971 and June, 1973. The City appealed and the circuit court reversed. The Department claims: (1) That the appeal to the circuit court was not timely; and (2) that there was substantial evidence to support the Secretary's determination. We conclude that there is substantial evidence to support the Secretary's determination and therefore reverse and remand.

The City owns the Bar and employs a manager. In the summer of 1973, the Department audited the Bar's books for the preceding three fiscal years. The auditors accepted the Bar's sales tax return for July, 1970 to June, 1971, as correct, although the audit showed that the City might actually have paid more tax than was due. For the period between July, 1971 and June, 1973, the auditors and the Secretary determined that the City owed $1,976.59 in additional tax and penalty. The Department deducted this amount from funds due to the City.

The auditors arrived at this figure by estimating the return that should have been realized on items sold by the Bar. The auditors then multiplied this rate of return by the amount of inventory that the Bar had purchased during the applicable periods. The reason given for this audit method was that the Bar's records were too incomplete to serve as the basis for an audit. The Lennox City Auditor agreed on an average return realized per case of liquor, but there was apparently no allowance made for spillage, bartender error, breakage, spoiled beer or liquor, liquor given away, or other possible non-sales dispositions of inventory.

The Secretary's undated order was executed on or about July 26, 1976. The record does not indicate when, if ever, the order was served upon the City. The City filed its notice of appeal and served it upon the Secretary on August 20, 1976.

The Secretary's counsel stipulated in circuit court that the City's sales tax returns were prepared from certain of the Bar's records, and that the returns contained all receipts of which City financial officers had knowledge. The Secretary thus claims that certain receipts were never reported to the City's financial officers.

We first consider the issue of whether the appeal was timely. The Department contends that SDCL 10–45–32 requires the City to appeal within ten days of the Secretary's decision. That statute provides, however, for notification "by ordinary mail" in the same sentence. There is nothing on the record that would indicate when the Secretary notified the City of his decision. We believe that the ten-day period, if it is applicable, cannot begin to run until the day of notification. Because of this disposition, we do not reach the question of which statute governs this appeal.

We next consider the issue of whether the Secretary's determination is supported by substantial evidence. The nature of evidence necessary to meet this test has been well delineated in prior cases. See *Dail v. S.D. Real Estate Comm'n*, S.D., 257 N.W.2d 709 (1977); *McKinnon v. State Banking Comm'n*, 78 S.D. 407, 103 N.W.2d 179 (1960). This test requires us to consider all the evidence on the record in the light most favorable to the Secretary's determination. We may not substitute our judgment for that of the Secretary as to weight of evidence on questions of fact. SDCL 1–26–36. In addition, the Secretary's correction of an incorrect return is prima facie correct. SDCL 10–45–32. We may, however, reverse administrative determinations that are unsupported by all the evidence in the record. *City of Brookings v. Dept. of Environmental Protection*, S.D., 274 N.W.2d 887 (1979). The scope of review of the Secretary's decision on appeal to this court is the same as it was in the trial court. *Piper v. Neighborhood Youth Corps.*, S.D., 241 N.W.2d 868 (1976).

Mindful of these standards we turn to the evidence. The Department contends, essentially, that its audit is substantial evidence to support the Secretary's determination. The auditors claimed considerable experience in audits of similar operations. The

Auditor General's Office also did an audit that substantially supported that of the Department. The adopted audit method was also used for the period from July, 1970 to June, 1971. The reported figures for this period were within a few thousand dollars of the audited figures, which the Department claims shows the accuracy of its audit method. The Department would have us look no further, since the return as corrected by the Secretary is deemed prima facie correct. SDCL 10–45–32; *DuPage Liquor Store v. McKibbin,* 383 Ill. 276, 48 N.E.2d 926 (1943).

Under SDCL 10–45–45:

Every person subject to tax under this chapter shall keep records and books of all receipts and sales, together with invoices, bills of lading, copies of bills of sale, and other pertinent papers and documents. Such books and records and other papers and documents shall, at all times during business hours of the day, be subject to inspection by the commissioner of revenue or his duly authorized agents and employees to determine the amount of tax due. Such books and records shall be preserved for a period of three years unless the commissioner of revenue, in writing, authorized their destruction or disposal at an earlier date.[1]

SDCL 10–45–48 additionally makes it a misdemeanor to not "keep books and records as required herein  *  *  *."

The Department's audit indicates that books and records of the liquor store were not kept as required by SDCL 10–45–45. Had the Idle Hour Bar kept "records and books of all receipts and sales, together with invoices, bills of lading, copies of bills of sale, and other pertinent papers and documents," the audit likely would have been perfunctory.

■ Faced with that deficiency, the Secretary reconstructed the tax base from the available information. Starting with the Bar's purchases, which were apparently known, he extrapolated sales from purchases based upon the Bar's profit margin in the past on liquor sold by the drink, beer sold by the bottle, package liquor and six-packs of beer. Although it does not appear that the Secretary gave any allowance for spillage, free drinks or breakage, we do not believe that such an allowance was required where, as here, the Bar did not have records indicating how much liquor was lost through these non-sales dispositions of inventory.

■ We conclude that the method used by the Secretary was reasonable under the circumstances and based upon substantial evidence. The liquor dealer may avoid this method of extrapolating sales based on purchases by simply and accurately keeping the books and records required by SDCL 10–45–45. A contrary conclusion would invite inadequate recordkeeping as a means of evading full payment of the sales tax, which we believe would contravene legislative intent.

The circuit court's judgment is reversed and the case is remanded for reinstatement of the Secretary's determination.

All the Justices concur.

---

1. The name of the official enforcing this statute has been changed from the Commissioner of Revenue to the Secretary of Revenue. 1973 S.D. Sess. L. ch. 2 § 278. The Code Commission has not yet made this change in the wording of SDCL 10–45–45.