Application of JACK RABBIT LINES, INC., Sioux Falls, South Dakota, for the Authority to Operate as a Class "A" Motor Carrier of Persons for Hire.

Nos. 12594, 12602.

Supreme Court of South Dakota.

Argued May 14, 1979.

On Reassignment Sept. 19, 1979.

Edward J. Leahy, of May, Johnson, Doyle, Becker & Fisher, Sioux Falls, for appellant and cross-respondent, Jack Rabbit Lines, Inc.

Richard E. Huffman, of Hanley, Wallahan, Huffman & Konenkamp, Rapid City, for respondent, Stagecoach West.

John C. Wiles, Asst. Atty. Gen., Public Utilities Commission, Pierre, for cross-appellant and respondent, Public Utilities Commission.

HENDERSON, Justice (on reassignment).

## PARTIES

The appellants are Jack Rabbit Lines, Inc., and the South Dakota Public Utilities

Commission. Respondent is Stagecoach West, Inc. Although a protestant below, Gray Lines, Inc. of the Black Hills did not participate in this appeal. For purposes of convenience and clarity, the parties will be referred to as Jack Rabbit, Stagecoach West, Gray Lines, and the Commission.

## ACTION

This is an appeal from a judgment of the Circuit Court, Seventh Judicial Circuit, which reversed the decision and order of the Commission. The Commission entered findings of fact and conclusions of law. Pursuant to its formal decision, the Commission granted an application of Jack Rabbit for the issuance of a Class A motor carrier of persons, for hire, to run a tour in the Black Hills for the accommodation of tourists and the general public. Entering its own findings of fact and conclusions of law, the circuit court entered a formal decision and judgment holding that the Commission's findings of fact, conclusions of law, and judgment were not supported by "any competent substantial evidence in the record and are unreasonable and arbitrary." We reverse the circuit court's judgment and reinstate the decision of the Commission.

## FACTS

Jack Rabbit's application requested a one-day circle tour of points of interest in the Black Hills over the following route:

From Rapid City via I–90 to Sturgis via 14A to Deadwood; from Deadwood via Highway 85 and; south on Highway 385 to Custer, from Custer east on Highway 16 and alternate 16 to Highway 87 to Highway 16 on return to Rapid City, serving intermediate points of interest and cities traversed, from May 31st to September 3rd of each year.

The tour covers 160 miles and takes approximately nine hours. Tickets could be purchased from Jack Rabbit depots in South Dakota and various motels and hotels in Rapid City; pick ups of customers extended to the motels and hotels in Rapid City. Specifically, the bus tour passes Black Hills National Cemetery and Bear Butte; it proceeds up Boulder Canyon outside of Sturgis and arrives in Deadwood. Customers then spend an hour and a half in Deadwood, visiting stores and browsing through the museum; it then passes to the edge of Central City and goes through Lead, lending a view of the Homestake Gold Mine. It then proceeds over the Pactola Dam, where fifteen minutes are allowed for picture taking, and then passes Sheridan Lake to Hill City in the central Black Hills to view the 1880 train. Continuing along Highway 385, it goes by Crazy Horse Monument and then passes through Custer State Park. It stops at Coolidge Inn for forty-five minutes for lunch and sightseeing. Traveling through Custer State Park, the tour customers have a chance to see wildlife. The tour, continuing through Custer State Park, then proceeds upon Iron Mountain Road where the customers go over pigtail bridges and through tunnels arriving at Mt. Rushmore. One and one-half hours are spent at Mt. Rushmore and enroute to Rapid City, the place of beginning, the passengers travel through Keystone, an old mining town, and also through Bear Country, a wild animal park. Testimony established that there is no comparable tour in the Black Hills and that it is unique.

Jack Rabbit has been in business in South Dakota for fifty-two years. The touring busses have panoramic windows, air conditioning, and are restroom equipped. Evidence adduced at the hearing established that there were people who came to the Black Hills and had only one day to travel. It was further established that the two protestants in the original hearing, Stagecoach West and Gray Lines, did not offer a one-day circle tour of the entire Black Hills area. Stagecoach West has a tour running between Rapid City and Mt. Rushmore and Gray Lines focuses on the southern Black Hills on one tour and the northern Black Hills on another tour. The record reflects that Jack Rabbit received overflow business from Gray Lines and Stagecoach West for this circle tour while it operated under a ninety-day permit given to it by the Commission. It is the permanent permit that Stagecoach West now vigorously protests.

Jack Rabbit called witnesses to establish public convenience and necessity for the one-day circle tour. A trailer park owner testified that people came to her trailer park who would stay for only one day. Another campground operator testified that some people at his campground preferred the Jack Rabbit tour. The Rapid City manager of Jack Rabbit identified three tourists from Norway who were referred to Jack Rabbit by Stagecoach West for the reason they wanted to see as much of the Black Hills as they could in one day.

The record reflects that Stagecoach West realized its first profit during the year that Jack Rabbit competed with it and Stagecoach West's business was increasing during that time of competition. Jack Rabbit's financial structure also came into play. Jack Rabbit has been an integral part of this state's transportation service. In the year 1976, Jack Rabbit experienced a net operating loss. The principal stockholder, Mr. Hansen, testified that this additional authority would aid Jack Rabbit in more efficiently utilizing its equipment and would be essential in developing a more favorable financial outlook for Jack Rabbit.

Gray Lines called several witnesses who established that people were satisfied with the Gray Lines' tours and that its tours were not fraught with difficulties. Cross-examination brought out, however, that the Jack Rabbit tour was more encompassing and preferred by some tourists. Mr. Herr, dispatcher for Gray Lines, admitted under cross-examination that on one occasion all seven pieces of equipment were gone and Gray Lines could have used one more piece of equipment. Stagecoach West's lone witness was Herman Jones, who testified Stagecoach West was transferring from a sole proprietorship, owned by him, into a corporate entity. Jones' testimony can be crystallized as follows: (1) he felt the Jack Rabbit tours would economically hurt his business; (2) the Jack Rabbit tours overlapped his tours and a business called Rushmore Coach Lines of Keystone; (3) in 1975, his company suffered a $27,000 loss; in 1976, his company suffered an $18,675 loss; in the current year, 1976, he projected a

profit of "a couple of thousand dollars." Under cross-examination, Jones admitted his company used a Winnebago minibus, without restroom facilities, which provided a shuttle service to Mt. Rushmore, but did not provide a service similar to the circle tour of Jack Rabbit.

Counsel for Stagecoach West, in argument before this court, revealed that there was (1) not a big argument over the law in this case and (2) there was very little conflict in the testimony. Whatever conflict of testimony there was, the Commission resolved it in favor of Jack Rabbit. We are not disposed to supplant the discretionary authority of that body.

## ISSUE

Jack Rabbit and the Commission submitted six identical assignments of error. This court distills these into a single issue: Was the Commission's decision supported by substantial evidence on the whole record; or on the contrary, was it unreasonable and arbitrary?

## DECISION

### I.

### Substantial Evidence

■ The South Dakota Administrative Procedure Act embodied in SDCL 1–26 governs appeals and orders from the Commission's decisions. This court's jurisdiction to review the circuit court's judgment is pursuant to SDCL 1–26–37. Pursuant to SDCL 1–26–36(5), the circuit court reviewed the Commission's decision. At that time, the circuit court was empowered to reverse the Commission if substantial rights were prejudiced assuming, arguendo, the decision was unsupported by substantial evidence on the whole record. Therefore, we follow the standard of review announced in *Piper v. Neighborhood Youth Corps*, 241 N.W.2d 868, 869 (S.D.1976), most recently approved in *Application of Mont.-Dak. Util. Co., etc.*, 278 N.W.2d 189, 190 (S.D.1979), reaffirming that:

[I]n reviewing the circuit court's judgment under the APA this court must make the same review of the administrative tribunal's action as does the circuit court under SDCL 1–26–37.

Substantial evidence is not a term that is self-definitive, but its meaning should have no mystery in this state. Its meaning has been elucidated by the South Dakota Legislature and this court. Substantial evidence is defined as "such relevant and competent evidence as a reasonable mind might accept as being sufficiently adequate to support a conclusion." SDCL 1–26–1(8); *Valley State Bank of Canton v. Farmers State Bank*, 87 S.D. 614, 213 N.W.2d 459 (1973); *McKinnon v. State Banking Commission*, 78 S.D. 407, 103 N.W.2d 179 (1960).

## II.

### Standard of Review

■ The standard of review to be applied is not whether there is substantial evidence contrary to the Commission's findings, but, whether there is substantial evidence to support the Commission's findings. *City of Brookings v. Dept. of Environ. Prot.*, 274 N.W.2d 887 (S.D.1979); *State Dept. of Soc. Serv. v. Rodvik*, 264 N.W.2d 898 (S.D.1978); *Application of Ed Phillips & Sons Company*, 86 S.D. 326, 195 N.W.2d 400 (1972).

## III.

### Public Convenience and Necessity

■ SDCL 49–28–14 provides that a certificate of authority for operation as a Class A motor carrier of persons, for hire, may be issued by the Commission after a hearing upon an application, if the Commission finds that public convenience and necessity require the authorization of the proposed service. In this case, the Commission determined that public convenience and necessity required the authorization of the one-day circle tour, factually detailed above, as proposed and implemented by Jack Rabbit under its temporary permit. We agree.

We approve of the Commission's decision and order in that there is substantial evidence establishing that the Jack Rabbit tour is different and unique and far more encompassing than other existing tours. It fills a demand and convenience for tourists who desire to spend only one day in the Black Hills, accommodates the Black Hills tourist industry, financially assists a well-established bus company which has served South Dakota for over half a century and is necessary to the best interests of the transportation system in this state. Jack Rabbit's ability to perform the proposed service was never seriously contested, and the circuit court acknowledged this fact.

The Commission's findings of fact, conclusions of law, and the issuance of a Class A motor carrier permit, for hire, to Jack Rabbit were supported by substantial evidence. The fact that Stagecoach West and Gray Lines referred their customer overflow to Jack Rabbit vividly demonstrates that the public interest necessitates this additional transportation service. The circuit court substituted its individual judgment for the judgment of the Commission and entered its own findings of fact, conclusions of law, and judgment. The reviewing court is only to determine if there is substantial evidence to support the Commission's decision.

### CONCLUSION

■ The circuit court's review is a legislative safeguard on the exercise of administrative power and is designed to protect against arbitrary and unreasonable government action. We do not find the Commission's action in this case to be arbitrary and unreasonable. The review power granted by legislative action is not intended to permit a court to decide if it would have reached the same conclusion or whether the administrative decision was unwise. *In re Harding*, 74 S.D. 54, 48 N.W.2d 834 (1951); *In Application of Dakota Transportation*, 67 S.D. 221, 291 N.W. 589 (1940). The Commission is deemed to be an administrative tribunal with expertise. *Application of Megan*, 69 S.D. 1, 5 N.W.2d 729 (1942). In the review of administrative decisions, our courts must be free of the time consuming

and difficult task of weighing evidence. The circuit court exceeded its authority and crossed the barrier separating the judicial and legislative branches of government.

We therefore reverse the judgment of the circuit court and remand the case to the trial court for reinstatement of the decision and order of the Commission.

WOLLMAN, C. J., DUNN and FOSHEIM, JJ., and HECK, Circuit Judge, concur.

HECK, Circuit Judge, sitting for MORGAN, J., disqualified.