Dale SHUMAKER, Marilyn Shumaker, Appellants,

No. 13472.

and

James O. Hansen, State Superintendent of Elementary and Secondary Education, Appellant,

No. 13418.

v.

CANOVA SCHOOL DISTRICT NO. 48–1, Appellee.

Nos. 13418, 13472.

Supreme Court of South Dakota.

Argued Nov. 19, 1981.

Decided Aug. 11, 1982.

Paul J. Dold, Howard, for appellants, Shumakers;

Thomas H. Harmon, Asst. Atty. Gen., Pierre, for appellant State of S. D.; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Jerome B. Lammers of Lammers, Lammers, Kleibacker & Casey, Madison, for appellee.

HENDERSON, Justice (on reassignment).

This case involves a minor boundary change under the provisions of SDCL 13–6–85. An appeal is taken from a judgment of the Fourth Judicial Circuit filed on February 19, 1981, which reversed a decision of

the State Superintendent of Elementary and Secondary Education dated August 29, 1980. We reverse and remand to the circuit court for the purpose of affirming the findings of fact, conclusions of law, and decision of the State Superintendent.

■ Appellants Dale Shumaker and Marilyn Shumaker will be referred to as "Shumakers," appellant James O. Hansen, State Superintendent of Elementary and Secondary Education will be referred to as "State Superintendent,"[1] and appellee Canova School District will be referred to as "School District."

Shumakers, who are residents of the School District, applied to that district and to the Howard Independent School District Board requesting that some of their property be transferred from the School District to the Howard Independent School District, all pursuant to SDCL 13–6–84.1. On July 14, 1980, the application was granted by the Howard School Board but on July 15, 1980, the School District denied the application. The School District did not make a transcript of any fact record and thus did not reflect a basis for its decision to deny the boundary change application. However, such a transcript is not required by statute. Thereupon, the Shumakers appealed the School District's decision and requested a hearing pursuant to SDCL 13–6–85, as last amended by 1980 S.D.Sess.L. ch. 120, before the State Superintendent. With due notice afforded to all of the parties, a de novo hearing was held in the State Capitol at Pierre on August 13, 1980. The record discloses that the State Superintendent conducted a full-scale evidentiary hearing and thereupon entered detailed findings of fact, conclusions of law, and rendered a formal decision. We point out that an aggrieved party had two avenues of appeal from the School District's decision: to the State Superintendent within thirty days (SDCL 13–6–85) or to the circuit court within ninety days (SDCL 13–46–1). The Shumakers chose the State Superintendent avenue. Shumakers, the School District, and the State Superintendent were all represented by counsel and no objection was made by any of the parties to the procedure before the State Superintendent. The effect of the State Superintendent's decision was to (1) reverse the School District's denial of Shumakers' application to have their land annexed to the Howard School District and (2) direct that the School District approve the application. The School District appealed the State Superintendent's decision to the circuit court whereat the circuit court, although it took some evidence, entered no findings of fact nor conclusions of law and simply reversed the State Superintendent upon the record.[2] Basically, the circuit court took the position that the State Superintendent was in error in the procedure that he followed and should not have conducted a de novo hearing nor entered independent findings of fact and conclusions of law and thus reversed his decision. Both Shumakers and the State Superintendent then appealed the circuit court's decision, the legal essence being to uphold the School District's denial of a minor school boundary change.

1. The Division of Elementary and Secondary Education is one of the divisions under the Department of Education and Cultural Affairs of this state, and the Superintendent of Elementary and Secondary Education is a full-time employee of that board who serves as its executive officer. His duties and responsibilities are set forth in SDCL ch. 13–1. SDCL 1–26–1(1) defines what is meant by an "agency." That term includes "department." The department herein involved has the statutory right to make rules. Thus, the State Superintendent and the Department of Education and Cultural Affairs is an "agency." It is located in Pierre, our state capital, and it is not a unit of local government.

2. SDCL 13–6–89 provides that "[a]ny party feeling aggrieved by any decision of the . . . superintendent of elementary and secondary education . . . shall be entitled to appeal *such* decision . . . to the circuit court . . . ." (Emphasis added.) In the context of this case, "such decision" refers to the Superintendent's decision and does not refer to the decision of the school board. Therefore, the circuit court should review the Superintendent's decision under the provisions of the Administrative Procedures Act and not the decision of the school board.

■ In reviewing a judgment of the circuit court under the Administrative Procedures Act, SDCL ch. 1–26, this Court must make its decision unaided by any presumption that the decision of the circuit court is correct. *Matter of Clay-Union Electric Corporation*, 300 N.W.2d 58 (S.D.1980); *Matter of South Lincoln Rural Water System*, 295 N.W.2d 743 (S.D.1980); and *Piper v. Neighborhood Youth Corps*, 90 S.D. 443, 241 N.W.2d 868 (1976).

Since SDCL ch. 1–26 is applicable to this appeal, the proper scope of appeal is set forth in SDCL 1–26–36, which reads:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

A court need not enter its own findings of fact and conclusions of law but may affirm, modify or reverse the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15–17.

Without fully detailing the evidence, it appears from the record that the Shumakers reside closer to the Howard School District than the School District who is a party to this proceeding; that they are more closely aligned to the economic, social, and religious life of the Howard community; that they are graduates of Howard High School; that the Howard School District bus goes directly by their residence; that they have a child who needs special education and the Howard School District has the available necessary course in speech therapy to help this child; that the district line which placed their property in the School District was drawn in an arbitrary fashion during prior redistricting; that the Howard School District provides business and agricultural instruction desirable for the Shumakers' children; that they would pay more taxes after their land was transferred into the Howard School District; that the assessed valuation of their land to be transferred raises $657.26 taxes per year; that the deletion of the Shumakers' property is less than one-half of one percent of the assessed valuation of the School District; that their school-age child is five years old and was about to enter kindergarten at the time of the State Superintendent's decision; that the School District enrolls 60 students in grades 9 through 12 and that the enrollment of the School District's high school in 1989 when the Shumakers' eldest child is eligible for enrollment in the 9th grade was speculative on the part of the School District.

Based upon the procedural history of this case, records within the office of the State Superintendent, the state statutes appertaining, and the evidence presented to him, the State Superintendent essentially concluded and decided that (1) the minor boundary change was legally justifiable in that the very minor decrease in the assessed valuation did not constitute a substantial threat to the continued viability of the School District, as contended by the School District; (2) the School District's concern to meet the enrollment requirements for the general support foundation program per SDCL 13–13–16 was extremely speculative and unsupportable; and (3) the interests of the Shumaker children would be best served by allowing the property to be transferred into the Howard School District thereby allowing the Shumakers to be residents thereof.

■ Although the Superintendent announced at the commencement of the hear-

ing before him (upon advice of counsel) that the hearing was not being held pursuant to the Administrative Procedures Act, he proceeded to comply with it in all respects. There were no due process violations.[3] It appears that the circuit court seized upon the Superintendent's opening statement as a basis to reverse each separate finding of fact, as well as the decision, without any actual review thereof. In short, the agency's decision was not given "great weight." In reality, the decision of the agency was afforded no weight whatsoever. Therein lies the gravamen of the circuit court's error. We see no procedural errors in the hearing before the State Superintendent constituting a violation of due process safeguards.

We must recognize, in reviewing this case, the legislative history underlying SDCL 13–6–85 pertaining to minor boundary changes under school district reorganization. Tracing this history from its inception in 1931 S.D.Sess.L. ch. 138, § 173, through the recent enactment of 1980 S.D. Sess.L. ch. 120, the Legislature has deemed that a school district board will not be allowed a free reign of discretion in addressing requests by patrons to be transferred out of a school district. The 1980 enactment added the provision for a hearing and decision by the State Superintendent. The Legislature specifically delegated to the State Superintendent the authority to resolve boundary disputes.[4] Essentially, the State Superintendent is involved in a quasi-legislative activity: the establishment of school district boundaries. Therefore, neither this Court nor the circuit court may substitute its individual judgment for that of the State Superintendent. *See Applica-*

*tion of Jack Rabbit Lines, Inc.*, 283 N.W.2d 402 (S.D.1979).

The record before this Court supports the State Superintendent's decision under the review provisions of SDCL 1–26–36 in that the findings are fully substantiated by the evidence in the record and proper conclusions of law were entered therefrom; furthermore, his decision was neither contrary to law, clearly erroneous, arbitrary, capricious, or an abuse of discretion.

Reversed and remanded.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

FOSHEIM, J., dissents.

FOSHEIM, Justice (dissenting).

The majority decision steps over the central issues of this case: whether South Dakota's Administrative Procedures Act, SDCL ch. 1–26 (APA), governs an appeal to the Superintendent and to the circuit court; and whether it is the decision of the school board or of the Superintendent which is before the circuit court. I dissent from the majority because the APA does not apply to this case and because the school board's decision is before the circuit court.

The inapplicability of the APA surfaces when an attempt is made to harmonize existing statutes and case law with the 1980 amendment to SDCL 13–6–85, which provides for appeal of a school board boundary decision to the Superintendent. As the majority notes, the 1980 amendment allows an aggrieved party the option of appealing a school board boundary decision directly to circuit court, or to the Superintendent and from the Superintendent to circuit court.[1]

---

3. The dictates of due process require that a de novo hearing by an agency be had, in a fact-finding capacity accompanied by all applicable procedural safeguards and guarantees, before any presumptions of correctness become applicable. *Storrs v. Lutheran Hospitals, Etc.*, 609 P.2d 24 (Alaska 1980); *Messer v. Snohomish County Board of Adjustment*, 19 Wash.App. 780, 578 P.2d 50 (1978).

4. *See Akron Board of Education v. State Board of Education of Ohio*, 490 F.2d 1285 (6th Cir. 1974), which held that the only apparent re-

striction upon the Legislature's authority to delegate the issue of determining school boundaries to bodies or persons other than the local school district board is that the authority may not be exercised in a manner which would violate the Federal Constitution; e.g., to deliberately adversely affect the racial balance of students.

1. The 1980 Legislature added this amendment to SDCL 13–6–85:

The Superintendent correctly decided that the appeal hearing he conducted was not governed by the APA. Such a conclusion is clearly indicated by *Dale v. Board of Education*, 316 N.W.2d 108 (S.D.1982), wherein we held that school board appeal procedures do not fall within the APA because local governments are not agencies as defined by the APA and the legislature provided a separate procedural scheme for contract nonrenewal cases. The legislature has likewise provided a separate procedural scheme (SDCL 13–6–84 to 89) for changing school district boundaries.

The inapplicability of the APA is further indicated because an appeal before the Superintendent is not a "contested case" as defined by SDCL 1–26–1(2).[2] In *Carlson v. Hudson*, 277 N.W.2d 715, 717–18 (S.D.1979) (footnote omitted), we said, "[i]n order for the provisions of SDCL Chapter 1–26 to apply, the matter at hand must be a 'contested case' as defined in SDCL 1–26–1(2)." *Carlson* said a contested case is a proceeding "*required by law* to be determined by an agency." *Id.* Due to the appeal options, a boundary application appeal is not required by law to be determined by the Superintendent (an agency). Consequently, the APA does not apply.

The appeal before the circuit court is likewise not governed by the APA. SDCL 13–6–89, prescribes that an appeal to the circuit court is "under the same limitations and procedures provided by law for appeal for all school board decisions." An appeal of a school board decision is governed by SDCL ch. 13–46 which, unlike the APA, provides for a trial de novo in the circuit court.[3] *Dale, supra.*

The circuit court reviewed the Superintendent's decision even though, as stated above, SDCL 13–6–89 provides that such appeals are governed by SDCL ch. 13–46. The clear import of SDCL ch. 13–46 is that it is a procedure for appealing school board decisions. Therefore SDCL 13–46–6's provision for a trial de novo in the circuit court means a de novo review (as limited by *Dale, supra*) of the school board's decision, not the Superintendent's.

Proper resolution of the facts and law in this case necessitate a remand. Although the circuit court apparently believed the appeal before it was governed by the APA, it received new evidence and essentially conducted a trial de novo. Accordingly on remand the circuit court could receive such additional evidence as it deems appropriate to fully hear the issues.

Any petitioner who is aggrieved by a decision of the school board under this section may appeal that decision.

An appeal from the decision of the school board shall be made and perfected within thirty days from the date of the decision of the school board by the filing of a notice with the superintendent of the school board and mailing a copy thereof to the superintendent of the elementary and secondary education. The state superintendent of elementary and secondary education shall thereafter set a time and place for the hearing and give at least ten days written notice of the hearing to the parties involved in the appeal. Nothing in this section shall affect the right of a taxpayer to appeal from the decision of the school board to the circuit court.

2. SDCL 1–26–1(2) states: " 'Contested case' means a proceeding ... in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing[.]"

3. SDCL 1–26–35 expressly forbids a trial de novo in the circuit court.