Mr. and Mrs. Alton FINCK and the State Superintendent of Elementary and Secondary Education, Petitioners and Appellees,

v.

NORTHWEST SCHOOL DISTRICT NO. 52-3, Respondent and Appellant.

Nos. 15667, 15675.

Supreme Court of South Dakota.

Considered on Briefs Oct. 9, 1987.

Decided Jan. 6, 1988.

A.P. Fuller, Lead, for petitioners and appellees Mr. and Mrs. Alton Finck.

Roger Tellinghuisen, Atty. Gen., Thomas Harmon, Asst. Atty. Gen., Pierre, for petitioner and appellee State Superintendent.

Charles A. Wolsky, Vermillion, for respondent and appellant.

GROSSHANS, Circuit Judge.

Northwest School District No. 52-3 (District) assigned Mr. and Mrs. Alton Finck's (petitioners) son, Eltonjon, to a school within the district for the 1986-87 school year. The circuit court affirmed the State Superintendent of Elementary and Secondary Education's (Superintendent) reversal of District's decision. District appeals. Superintendent has filed a notice of review. We affirm all issues presented.

On March 12, 1986, District denied petitioner's request to assign Eltonjon to the Hettinger Public School System in North Dakota.

On April 5, 1986, petitioners wrote to District's school board and to Superintendent. The letter to the school board stated in part,

... we are appealing his placement, we think the best place for him is to be assigned to Hettinger Public School since after next year he will go to High School there.

The letter to Superintendent, an original, read in part:

Dr. Hanson

This is the copy of the letter sent to the Chairman of the board and members of S.W. Ind. School Dist. # 52-3 on April 5, 1986.

\*      \*      \*      \*      \*      \*

Therefore we are appealing Eltonjons placement, we think the best place for him to better his Education & other problems is to have him assigned to Hettinger Public school for the next year.

Superintendent received this letter on April 8, 1986.

On April 9, 1986, District's board considered petitioners' request again, refused to assign Eltonjon to the Hettinger system,

and abided by their March 12th decision assigning him to a school within the district.

During this time frame Superintendent's office mailed a form titled "Appeal of School District's Student Assignment And Request For Hearing" to petitioners. Petitioners did not fill out or return the form until May 16, 1986, when they indicated they were appealing District's April 9, 1986 decision. Superintendent's office entered a typewritten notation on this form which said: "Original Request For Appeal Received April 8, 1986."

Superintendent conducted a de novo hearing on May 26, 1986. The litigating parties were present and represented by counsel. Each presented evidence in the form of exhibits and testimony. At the conclusion of the hearing, Superintendent stated "For the purpose of the record, I hereby take notice of the contents of my files, including notices and correspondence in the prior proceedings of these parties." No objection was made.[1]

On June 11, 1986, Superintendent reversed the District and changed Eltonjon's school assignment to the Hettinger Public School System in Hettinger, North Dakota. Superintendent's decision was appealed to the circuit court pursuant to SDCL 1-26-37. The circuit court affirmed Superintendent's decision. After the circuit court entered its memorandum decision, Superintendent, pursuant to SDCL 15-6-60(a), moved the court to amend or correct an error in Superintendent's findings. The circuit court conducted a hearing on the motion and received evidence in the form of testimony and exhibits. The court entered findings of fact and denied the Superintendent's motion.

I.

WAS PETITIONER'S APPEAL OF DISTRICT'S STUDENT ASSIGNMENT TIMELY PURSUANT TO SDCL 13-28-15?

---

1. District's appellate attorney did not represent District at the de novo hearing before the Superintendent.

Superintendent concluded that jurisdiction properly attached pursuant to SDCL 13–28–15. This statute provides:

Every school board shall make assignment and distribution of all elementary students with school residence within the district. The board shall take into consideration in assigning and distributing students its duty to provide an education within the guidelines of the state board on education's accreditation rules, the wishes of the parents or guardians of the child being assigned and the district patrons, the miles and time involved in transporting the child to school, and the educational and financial impact of the district. *Any patron who is aggrieved by a decision of the school board may request a hearing within thirty days before the superintendent of education.* If the superintendent has not rendered a decision within thirty days following final submission of the appeal, the board's decision is affirmed. (emphasis added)

District made its decision on March 12, 1986. On April 5, 1986, within the thirty day limit, petitioners appealed this decision. In their letters to District and to Superintendent, they used the word "appealing." They did not request a reconsideration. They did not request another hearing.

Courts have consistently held that in interpreting statutes and contracts language is to be given its plain, ordinary and popular meaning, *American Rim and Brake, Inc. v. Zoellner,* 382 N.W.2d 421 (S.D. 1986), which the ordinary, average and reasonable person would understand. *Bass v. Dalton,* 329 N.W.2d 115 (Neb.1983). There is no valid reason why this principle should not apply to the issue before this court. The word "appeal" has been defined as "a legal proceeding by which a case is brought from a lower court to a higher court for rehearing." WEBSTERS NEW COLLEGIATE DICTIONARY 54 (1981). "In general terms a resort to an upper court or tribunal." BLACK'S LAW DICTIONARY 124 (4th ed. 1968).

■ "Appeal" is the word petitioners used. Because District misunderstood the letter and mistakenly gave them another hearing is a problem of District, not petitioners. On April 5, 1986, there was only one hearing and only the March 12, 1986, decision to appeal. Petitioners complied timely and completely with the mandate of the statute. Therefore, Superintendent's conclusions of law are fully reviewable by this court. *Permann v. S.D. Department of Labor,* 411 N.W.2d 113 (S.D.1987).

## II.

WAS SUPERINTENDENT'S DECISION REVERSING THE DISTRICT'S STUDENT ASSIGNMENT CLEARLY ERRONEOUS IN LIGHT OF THE ENTIRE RECORD OR ARBITRARY AND CAPRICIOUS AND CHARACTERIZED BY AN ABUSE OF DISCRETION?

■ Superintendent's relationship to school districts is administratively unique in South Dakota. The South Dakota Constitution, Article VIII, § 1 provides in part:

... it shall be the duty of the Legislature to establish and maintain a general and uniform system of public schools ...

In furtherance of this mandate, the Legislature, in SDCL 13–3–25, has given Superintendent general supervisory powers over all elementary and secondary schools in the state. SDCL 13–3–25 provides:

The superintendent of elementary and secondary education shall have the power to exercise a supervisory control over the acts and doings of the school board pertaining to the management and conduct of such schools by said board ...

This Legislative grant of authority gives Superintendent substantial discretion which includes the assignment of pupils. This authority also includes the power to reverse a decision of the local school district board. *Shumaker v. Canova,* 322 N.W.2d 869 (S.D.1982).

■ Superintendent properly conducted a de novo hearing in this case. After reviewing the entire record, it is obvious that he properly placed the burden of going

forward with the evidence on petitioners. They met their burden. The record before Superintendent further establishes that District did not consider and weigh all the criteria of SDCL 13–28–15. This court does not substitute its judgment for Superintendent's judgment on the weight of evidence pertaining to questions of fact unless Superintendent's decision is clearly erroneous, or is arbitrary, capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. *Permann, supra; Appeal of Templeton,* 403 N.W.2d 398 (S.D.1987); *Anderson v. Western Dakota Insurors,* 393 N.W.2d 87 (S.D.1986); *Deuter v. South Dakota Highway Patrol,* 330 N.W.2d 533 (S.D.1983). SDCL 1–26–36 mandates that this Court, like the circuit court below, shall give great weight to the findings made and inferences drawn by an agency (Superintendent) on questions of fact.

There is ample evidence in the record to support Superintendent's decision. It is apparent he arrived at the correct conclusion of law. He may have used the wrong route or his findings of fact may have been effected by clerical error, but the ultimate conclusion is correct. The essential facts found by the Superintendent disregarding the clerical error, are not sufficiently erroneous, arbitrary, capricious or characterized by an abuse or unwarranted exercise of discretion.

### III.

DID SUPERINTENDENT COMMIT REVERSIBLE ERROR BY TAKING NOTICE OF THE PRIOR PROCEEDINGS BETWEEN THE PARTIES AND HIS FILES CONCERNING THE DISTRICT?

■ At the conclusion of the May 26, 1986, de novo hearing Superintendent took notice of his files which included the notices and correspondence in the prior proceedings between petitioners and District. Counsel of record did not object. The issue was not raised on appeal to the circuit court. It appears for the first time here,

and in fact is raised by District in its reply brief. We have repeatedly held that an issue may not be raised for the first time on appeal, *Mortweet v. Eliason,* 335 N.W. 2d 812 (S.D.1983), and certainly not by an appellant in its reply brief where an appellee is precluded from responding. The objection was waived. An issue not presented to the fact-finding tribunal will not be reviewed at the appellate level. This rule applies to administrative agencies as well as trial courts.

### IV.

DID THE CIRCUIT COURT ERR IN DENYING SUPERINTENDENT'S MOTION TO CORRECT THE ERROR IN HIS DECISION AND CONFORM THE DECISION TO THE FACTS?

■ Finally, Superintendent, by notice of review, contends that the circuit court erred by denying his motion to modify his decision to conform to the evidence in the record. SDCL 15–6–60(a). The lower court conducted a hearing on the motion. Evidence by way of testimony and exhibits was reviewed, arguments of counsel considered and the court entered its findings of fact for this court's benefit on review. The motion was denied. The findings of fact made by the lower court are binding upon this court unless we are satisfied that they are contrary to a clear preponderance of the evidence and are therefore clearly erroneous. *In Re N.J.W.,* 273 N.W.2d 134 (S.D.1978). The question is not whether we would have made the same decision as that of the lower court, but whether, on the entire record, we are left with a definite and firm conviction that a mistake had been made. *Drake v. Sample,* 279 N.W.2d 685 (S.D.1979). We are not so convinced.

We affirm on all issues.

All the Justices concur.

GROSSHANS, Circuit Judge, sitting for MILLER, J., disqualified.