McLAUGHLIN SCHOOL DISTRICT 15-2 BY its BOARD OF EDUCATION, Plaintiff and Appellant,

v.

Henry G. KOSTERS, Ed.D. State Superintendent of Education (Superintendent of Elementary and Secondary Education) of the State of South Dakota; Steve and Holly Keller; Jill Keller; Ted and Dianne Keller; and Gary and Debbie Voller, Defendants and Appellees.

Nos. 16360, 16366.

Supreme Court of South Dakota.

Argued March 21, 1989.

Decided May 31, 1989.

Ronald R. Johnson of Johnson & Kelley, Lemmon, for plaintiff and appellant.

Thomas Harmon Deputy Atty. Gen., Pierre, for appellee, Henry R. Kosters, Ed.D., State Superintendent of Educ.; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Andrew Aberle of Aberle & Aberle, Timber Lake, for defendants and appellees Kellers and Vollers.

SABERS, Justice.

The McLaughlin School District (School District) appeals a trial court judgment upholding a decision of the State Superintendent of Education (Superintendent) reversing School District's denial of a petition for a minor boundary change.

*Facts*

All the petitioners resided in School District.[1] On April 13, 1987, School District granted Gary and Debbie Voller's petition for assignment of their child to the Timber Lake School District. This assignment included School District's payment of tuition for the child to attend school at Timber Lake in the fall. At the May 11, 1987, school board meeting, Steve and Holly Keller, Jill Keller, and Ted and Dianne Keller also petitioned for assignment of their children to the Timber Lake School District. The school board denied these requests and also revoked the assignment of the Voller child to the Timber Lake School District. Petitioners then requested a minor boundary change.[2] Following a short discussion at the July 13, 1987, School District board meeting, the board denied this petition. Petitioners appealed to Superintendent.

Superintendent held a hearing on August 25, 1987. School District and petitioners appeared without counsel. The testimony showed that each of the petitioners live approximately twenty-five to thirty miles from McLaughlin, and only ten to fifteen miles from Timber Lake. The majority of the petitioners' business, social, and church activities are in Timber Lake, with only minimal association with McLaughlin. Each of the petitioners have young children and expressed concern with the longer bus ride to McLaughlin. Two petitioners testified that they work in Timber Lake making it safer and more convenient for the children to attend Timber Lake School District in the event of injury or illness. Petitioners also testified that participation in extracurricular activities at McLaughlin would be difficult for their children because of distance.

Board members testified that School District had adequate bus routes serving the area and had a policy that children should ride the bus no longer than sixty minutes each way. The members expressed concern for declining enrollments and the "domino effect" of granting a petition for a minor boundary change. The members also cited financial concerns and the loss of tax base as a reason for denying the petition. Finally, the board's belief that School District had a better educational program than that offered at Timber Lake was a consideration in the decision.

Both School District and Timber Lake School District provide bus service to the area. The total assessed value of property in School District is $44,874,030, while the assessed value of the property sought to be transferred is $810,020. Though property taxes are slightly higher in School District than in the Timber Lake School District, apparently this played no part in the petition for the boundary change.

On September 9, 1987, Superintendent issued findings of fact and conclusions of law reversing the School District's denial of the minor boundary change. Superintendent concluded that School District's denial of the boundary change was not supported by the evidence. School District appealed

1. The petitioners were Gary and Debbie Voller, Steve and Holly Keller, Jill Keller, and Ted and Diane Keller.

2. SDCL 13–6–85 provides that a boundary change involving an area of less than two percent of the assessed valuation of the school district may be made by petition signed by more than fifty percent of the voters living in the area to be transferred.

to the circuit court pursuant to SDCL 13–6–89. School District sought to introduce additional documents and testimony to support their decision against the minor boundary change.[3] Petitioners and Superintendent objected. On June 20, 1988, the court upheld the decision of Superintendent. The court made no ruling whether it received or considered the additional evidence submitted by School District. School District appeals the court's decision. By notice of review, petitioners and Superintendent appeal the School District's submission of additional evidence to the court. We affirm.

### 1. *Superintendent's review of School District's decision.*

■ School District claims that Superintendent must give deference to School District's denial of a request for a minor boundary change. School District argues that Superintendent failed to give proper deference, and substituted his judgment for that of School District.

SDCL 13–6–85 sets out the requirements and procedure for minor boundary changes. In part the statute provides:

> An appeal from the decision of the school board may be made to the circuit court in the time and manner specified by § 13–46–1 or to the state superintendent of education within thirty days from the date of the decision of the school board by filing a notice with the superintendent of the school board and mailing a copy thereof to the superintendent of education. The state superintendent of education shall thereafter set a time and place for the hearing and give at least ten days written notice of the hearing to the parties involved in the appeal. An appeal to the state superintendent is not

a "contested case" subject to chapter 1–26; however, the appeal is subject to the provisions of § 1–26–36. An appeal from the decision of the state superintendent may be made pursuant to § 13–6–89. Nothing in this section shall affect the right of an aggrieved party to appeal from the decision of the school board to the circuit court.

School District argues that an appeal to Superintendent is subject to SDCL 1–26–36, which requires Superintendent to give deference to the decision of the school board.[4]

*Shumaker v. Canova School Dist. No. 48–1,* 322 N.W.2d 869 (S.D.1982), held that Superintendent has authority to resolve minor boundary disputes and is not limited in his review of the school board decision. In 1983, the legislature amended SDCL 13–6–85 to make Superintendent's review subject to SDCL 1–26–36. The statute provided no guidance as to the standard of review prior to the 1983 amendments. The amendments did not otherwise affect Superintendent's authority to resolve boundary disputes.

School District denied the petition for a minor boundary change at the July 13, 1987, school board meeting. The only record of the School District's meeting are the minutes of the school board meeting, which state:

> Holly & Steve Keller & Debbie Voller met with the board and presented them with a petition requesting a minor boundary change involving the McLaughlin School District 15–2 & the Timber Lake School District 20–3. The boundary change would transfer [several sections of] Corson County from the McLaughlin School District 15–2 of Corson County,

---

**3.** This evidence showed School District's unsuccessful attempt to obtain additional federal funding to make up for the loss of tax base which resulted from the minor boundary change.

**4.** SDCL 1–26–36 provides:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced

because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . .

S.D. to the Timber Lake School District 20–3 of Dewey County, S.D. Following discussion, Hannigan made a motion, seconded by Schot, all voting yes, to deny the request for boundary change.

School District made no findings or other record in its decision to deny the request for minor boundary change.

At the hearing held by Superintendent, School District was given the opportunity to present testimony and reasons for denying the boundary change. Superintendent concluded that in light of all the evidence School District acted arbitrarily and the decision was not supported by the evidence. Superintendent concluded that School District was overly concerned with financial considerations and fear that others, would take similar action in the future. Superintendent did not attempt to substitute his judgment for that of the School District, but rather found that the decision was arbitrary and unsupported by the evidence. Superintendent claims that he gave proper deference to School District under SDCL 13–6–85 and the record does not establish otherwise.

2. *Whether great weight should be given to the decision of Superintendent or School District.*

■ School District claims that the 1983 amendments to SDCL 13–6–85 limited Superintendent's authority to resolve boundary disputes. School District argues that the amendments require the reviewing courts to accord great weight to the decision of the school board, not the Superintendent's.

We have long recognized the limited authority of school districts to resolve boundary disputes.

School districts do not have a vested right to retain their existing status or territory. As creatures of the legislature they are subject to periodic change, alteration, or abolishment. (citations omitted).

*Nelson v. Deuel County Bd. of Education,* 80 S.D. 559, 563, 128 N.W.2d 554, 556

(1964). By statute, the legislature delegated their authority to change and alter school district boundaries to the Superintendent. SDCL 13–3–25 provides Superintendent with general supervisory powers over all secondary schools in the state. SDCL ch. 13–6, which concerns school district reorganization, grants Superintendent specific powers in the reorganization of school districts.[5] SDCL 13–6–85, which provides for minor boundary changes, grants Superintendent the power to hold a hearing on the petition of anyone aggrieved by the decision of the school board. The intent of the statute is to permit Superintendent to hear testimony from interested parties, including the school district, and in turn, resolve minor boundary disputes.

The power of the Superintendent over school district boundaries is also supported by *Shumaker.* In addressing SDCL 13–6–85 prior to the 1983 amendments, *Shumaker* stated:

[T]he Legislature has deemed that a school district board will not be allowed a free [rein] of discretion in addressing requests by patrons to be transferred out of a school district.... The Legislature specifically delegated to the State Superintendent the authority to resolve boundary disputes. (footnote omitted).

*Id.* at 872. Citing *Shumaker,* we recently reaffirmed the power of the state superintendent over school districts in *Finck v. Northwest School Dist. No. 52–3,* 417 N.W. 2d 875 (S.D.1988). Though dealing with a different statutory provision, *Finck* stated:

This court does not substitute its judgment for Superintendent's judgment on the weight of evidence pertaining to questions of fact unless Superintendent's decision is clearly erroneous, or is arbitrary, capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. (citations omitted).

*Id.* at 878.

SDCL 13–6–85 provides that the *decision* of the state superintendent may be appeal-

---

5. *See* SDCL 13–6–18; SDCL 13–6–41; SDCL 13–6–41.2; SDCL 13–6–47; SDCL 13–6–48; SDCL 13–6–48.2. These statutes vest Superintendent

with supervisory power over school districts in the complete reorganization of school districts.

ed under SDCL 13–6–89. The statute is clear that it is the Superintendent's decision and not the school board's which is appealed under SDCL 13–6–89. Further, as discussed above, the legislature, in SDCL ch. 13–6, has clearly vested Superintendent with the ultimate authority over school district boundaries. If the legislature *really* wants the local school board (as an interested party) to be the ultimate authority in determining boundary changes, it need only so state plainly. Until then, we give great weight to Superintendent's decision.

### 3. *Whether Superintendent's decision was arbitrary, capricious, or clearly erroneous.*

■ We review Superintendent's decision under the clearly erroneous standard of review and cannot reverse the decision unless we are left with a definite and firm conviction that an error has been made. *Finck, supra; Permann v. South Dakota Dept. of Labor,* 411 N.W.2d 113 (S.D.1987); *Shumaker, supra.* The findings of Superintendent indicate that the interests of the children were best served by transfer of the property into the Timber Lake School District. Under the testimony presented, Superintendent rejected the School District's concern that the boundary change would create "a domino effect" and that the school's financial situation would be damaged by the change. The testimony supports these findings and in light of the entire record, we cannot say that Superintendent was clearly erroneous or acted arbitrarily or capriciously in making its decision.

### 4. *Whether the circuit court may receive additional evidence.*

By notice of review, petitioners and Superintendent claim that the circuit court erred in receiving additional evidence from School District to support its decision denying the boundary change. They claim that under SDCL 13–46–6 and *Dale v. Board of Education,* 316 N.W.2d 108 (S.D.1982), the court may only consider additional evidence regarding the legality of School District's decision. The court did not rule on the

additional evidence and gave no indication whether it was considered. In view of our decision in favor of petitioners and Superintendent, we decline to consider the question presented by notice of review. Therefore, we affirm on all issues.

All the Justices concur.